[Decided July 25, 1887.]

# PUGET SOUND IRON COMPANY *v.* JOHN W. LAWRENCE

1. EVIDENCE — BURDEN OF PROOF — NEGLIGENCE — INSTRUCTION. — In an action to recover damages for negligence, by a servant against the master, where the plaintiff was injured by means of alleged defective appliances furnished by the defendant, and where plaintiff has made out a *prima facie* case, it is error to instruct the jury that in such a case the burden of proof is upon the defendant to establish by a *clear preponderance* of evidence that before such appliances were used for the work in question, the defendant had used every available and ordinary means to ascertain any defects in the same, and that failing to do so, the plaintiff is entitled to a verdict.

2. SAME. — In such a case, if the evidence of both parties, when all received and considered, does not leave a preponderance in favor of the plaintiff, the defendant is entitled to a verdict. *Per* JONES, C. J.

ERROR to the District Court holding terms at Port Townsend. Third District.

Action to recover damages arising from a personal injury to the plaintiff in the course of his employment, through the negligence of the defendant, by suffering to be used unsafe, defective, and insufficient appliances in a smelting-furnace, owned and operated by defendant, and about which the plaintiff was employed. The complaint alleged that plaintiff, in his employment, was assisting in lifting an engine bed-plate up an incline, weighing eight tons, and for that purpose, among other appliances, a rope was necessary, and that defendant furnished an unsafe and defective rope, and while plaintiff, by defendant's command, was placing and holding a roller under the plate, the rope broke, precipitating the plate down the incline, striking the plaintiff, and inflicting the injury and damage complained of. Complaint also averred prior notice to defendant of defect in rope. The answer denied every allegation imputing negligence, want of care, or inattention on the part of the defendant, and pleaded affirmatively, among other facts, great care

and diligence in the selection and use of the rope and the other appliances, and that the rope was new, ample in size and apparent strength, and contained no defect discoverable by the use of reasonable care and caution. The answer also averred acts of contributory negligence by the plaintiff, by placing his person behind the plate when the rope gave way, after being warned by the defendant not to do so. Other facts appear in the opinion of the court. There was a trial by jury, and a verdict for the plaintiff. The counsel for the plaintiff asked the court to give to the jury, among others, the following instructions: "Instruction 4. Where an employee is suddenly ordered to do an unusually dangerous thing, he is not required or expected to deliberate upon the dangers, and if you believe from the evidence in this case that R. A. Barrett was at the time of the accident acting as superintendent, and of this particular work, for the company, and that the plaintiff was placed under Mr. Barrett's orders, and that while under said orders he was suddenly directed by said Barrett to go under said engine-bed, where he was injured, and that the plaintiff, in view of the suddenness of the order, and all other circumstances of the case, was not guilty of negligence in obeying said order, then plaintiff was not in any manner guilty of contributory negligence in obeying said order." "Instruction 6. The fact that the rope was broken in performance of the work in question is of itself *prima facie* evidence that the defendant did not use reasonable care and diligence in the selection and use of the rope, blocks, and apparatus in question; and to overcome such *prima facie* evidence of negligence, the burden of proof is upon the defendant corporation, and unless the defendant establish by a clear preponderance of the evidence that before said rope, blocks, and apparatus were used for the work in question, the defendant, through its agents, used every available and ordinary means to ascertain, and were thereby unable to ascertain, any defects

there might be in the rope, blocks, and apparatus, then you must find that the defendant was guilty of negligence; and if the plaintiff was injured by such negligence, and was not in fault, you must find a verdict for the plaintiff." "Instruction 10. You are instructed that the mere condition of being in the way of the descending engine-bed would not prevent plaintiff from recovering for such injuries as he may have suffered, on the ground of contributory negligence, unless his act was negligent, and contributed directly to the injury." The court gave the above instructions as asked, and defendant excepted.

*Messrs. Jacobs & Jenner, Messrs. Bradshaw & Sachs, and Mr. J. R. Lewis,* for Plaintiff in Error.

Against the sixth instruction counsel cited the following: 5 Am. L. Reg. 715; 8 Am. L. Reg. 154; 1 Redfield on Railways, 533, sec. 131; *Edgerton* v. *N. Y. R. R. Co.,* 35 Barb. 193; *Curtis* v. *N. Y. R. R. Co.,* 18 N. Y. 534; *Atchison, T., & S. F. R. R. Co.* v. *Leadbetter,* 34 Kan. 326, 8 Pac. Rep. 411. A master is not liable to a servant who sustains an injury by reason of a defect in a rope not known to exist by the master, and there being nothing to charge him with knowledge. (*Nelson* v. *Dubois,* 11 Daly, 127; 2 Thompson on Negligence, 1053, 1055.) In other cases, even including the servants of the railroad company, the established doctrine is that the *onus* of proving negligence is on the servant. (2 Redfield on Railways, 190, 200, secs. 11, 15; *Perkins* v. *Eastern R. R. Co.,* 29 Me. 307; 1 Am. Railw. Cas. 144; 44 Ark. 524; 5 Am. Law Rev. 210; 11 Allen, 316.) If a break occurs in a rope from a hidden fault, and an injury results to a servant or employee, there has been no negligence unless there has been the want of ordinary care in the selection or use of such rope, or the want of such care in the employment of officers, agents, or master workmen. The corporation is not the guarantor of the absolute suffi-

ciency and safety of the machinery and apparatus furnished by them. (Cooley on Torts, 556, subd. 4, also pp. 557–559, note 1, p. 557; 8 Pac. Rep. 411; 89 Eng. Com. L. 795.)

*Messrs. Burke & Haller,* for the Defendant in Error.

Counsel cited the following in support of the fourth instruction: *Railroad Co.* v. *Fort,* 17 Wall. 553; 2 Thompson on Negligence, 975; *Taylor* v. *Chicago etc. R. R. Co.,* 52 Ill. 401; *Berea Stone Co.* v. *Kraft,* 31 Ohio St. 287; *Chicago etc. R. R. Co.* v. *Bayfield,* 37 Mich. 205; *Walsh* v. *Peet Valve Co.,* 110 Mass. 23; *Bradley* v. *New York Central R. R. Co.,* 62 N. Y. 99. It was the duty of the plaintiff in error to furnish the defendant in error a safe working place and machinery. (Wharton on Negligence, secs. 210, 232, 233; *Shanny* v. *Androscoggin,* 66 Me. 420; *Avilla* v. *Nash,* 117 Mass. 318; *English* v. *Breeman,* 60 N. Y. 609; 2 Thompson on Negligence, 972; *Lanning* v. *New York Central R. R. Co.,* 49 N. Y. 532; *Railroad Co.* v. *Troech,* 68 Ill. 545.) Although not an insurer, the plaintiff in error was bound to know any defect in its apparatus, which by the exercise of ordinary care and skill it could have ascertained. (Wharton on Negligence, secs. 210, 212; *Arkeson* v. *Dennison,* 117 Mass. 412; *Bussell* v. *La Conia,* 48 Me. 113; *Avilla* v. *Nash,* 117 Mass. 318; *Hamson* v. *R. R. Co.,* 31 N. J. L. 293; *Hayden* v. *Mfg. Co.,* 29 Conn. 548; *Warner* v. *Erie R. R. Co.,* 39 N. Y. 468; Field on Corporations, 648; *Jones* v. *Yeager,* 2 Dill. 64; *Hough* v. *Railway Co.,* 100 U. S. 220.) It was admitted by the plaintiff in error upon the trial, that the defendant in error was injured through the breaking of the rope referred to in said instruction, and that the rope broke through a defect which existed prior to the time of its use, and that the rope in question had been lying for two years in a cellar, and that the defect could have been discovered; but they insisted that they had exercised due diligence in examining and testing the rope; this they did by affirm-

ative plea, and the burden was upon them to prove such plea, and the instruction was under the circumstances correct. (2 Thompson on Negligence, 1220, 1229–1233; *R. R. Co.* v. *Mowery,* 36 Ohio St. 418; *Seybolt* v. *New York etc. R. R. Co.,* 95 N. Y. 563; *Robenson* v. *New York Central R. R. Co.,* 20 Blatchf. 338; *Texas etc. R'y. Co.* v. *Suggs,* 62 Tex. 323; *Dunlap* v. *Steamer Reliance,* 2 Fed. Rep. 249; *Stokes* v. *Saltonstall,* 13 Pet. 181; *R. R. Co.* v. *Pollar,* 22 Wall. 341; *Ware* v. *Gray,* 11 Pick. 112; Lawson on Presumptive Evidence, 102.) In support of the tenth instruction the following authorities were cited. (Wharton on Negligence, secs. 323–326; Bigelow's Leading Cases, 721, and note to 724.)

Mr. Justice ALLYN delivered the opinion of the court.

The plaintiff in the court below was an employee of appellant, the Puget Sound Iron Company. In the course of his employment he was assisting in the removal of an engine bed-plate up an incline; for this purpose a 4½ inch manilla rope was used, with blocks, pulleys, etc. The rope broke from some hidden defect when the bed-plate was about two thirds of the way up the incline, and the bed-plate, thus relieved, descended, injuring one of plaintiff's arms. There was evidence tending to show this rope to have been sufficiently and properly tested; and on the other hand, evidence tending to show that this had not been thoroughly or sufficiently done, and that the defect should have been seen through discoloration, etc. The jury found for the plaintiff. It is claimed that the court erred in several instructions excepted to at the time, but we think it sufficient to consider only the sixth instruction; and in fact, no considerable stress seems placed on the others.

The sixth instruction, given at request of plaintiff's counsel, and excepted to by defendant, is as follows: "The fact that the rope was broken in the performance of the work in question is of itself *prima facie* evidence

that the defendant did not use reasonable care or diligence in the selection and use of the rope, blocks, and apparatus in question; and to overcome such *prima facie* evidence of negligence, the burden of proof is upon the defendant corporation; and unless the defendant establish by a clear preponderance of the evidence that before said rope, blocks, and apparatus were used for the work in question, the defendant, through its agents, used every available and ordinary means to ascertain any defects there might be in the rope, blocks, and apparatus, then you must find that the defendant was guilty of negligence, and if the plaintiff was injured by such negligence, and was not in fault, you must find a verdict for the plaintiff." The rule thus announced as to care and diligence in such a case we find no fault with; but to go further, as herein, and say in effect, " the burden of proof is then upon the defendant to establish by a clear preponderance," is certainly not correct, and a very dangerous use of terms. The presumption first stated made it incumbent upon the defendant to satisfactorily explain, as the jury should have been told, but they might naturally infer, and doubtless did, that the " burden of proof " was *shifted*. More than this: the defendant, it is said, must do this by a *clear* preponderance, etc. It was held in a late case, " an instruction, 'unless the preponderance of evidence *clearly* shows,' etc., was erroneous, the word 'clearly' being calculated to lead the jury to believe that something more than a mere preponderance was necessary." (*Prather* v. *Wilkins*, 4 S. W. Rep. 252 (Tex.).) The remaining portion of the instruction is perhaps equally objectionable in requiring the defendant to use "every available means," etc., it clearly implying an examination and test of much more than the usual and ordinary character.

For these reasons, we think the instruction would almost certainly mislead the jury, and the judgment is

therefore reversed, a new trial granted, and the cause remanded for further proceedings.

Turner, J., and Langford, J., concurred.

Mr. Chief Justice Jones concurred specially as follows: —

I concur in the conclusion to which my brother Allyn has arrived, upon the ground that the instruction quoted by him. is erroneous in law. That instruction recognizes the rule that the burden of proof was upon the plaintiff below to establish the fact that the injury resulted from the negligence of the defendant. The error exists in the latter part of the instruction, where it is held that plaintiff having made a *prima facie* case, it then devolves upon the defendant to overcome the case so made "by a clear preponderance of the evidence"; whereas if the evidence when all received and considered did not leave a preponderance in favor of the plaintiff, the defendant was entitled to a verdict.

I concur in the criticism of Justice Allyn upon the language of the tenth instruction. The fourth instruction is, perhaps, erroneous in this: "When an employee is *suddenly ordered* to do an unusually dangerous thing, he is not required or expected to deliberate upon the danger," etc. The intention was, doubtless, to instruct the jury that in a case of sudden and unexpected danger, an order being given by the master, requiring instant execution by the servant, deliberation by him as to the danger would not be required or expected in order to free him from negligence. This would have little to do with the suddenness of the order, but would arise from the fact that the danger was not such as might be reasonably anticipated, and was in fact unforeseen, and must be met by promptness in obeying the master's order. The evidence is not reported to us, and consequently we are unable to say that this instruction as given would

actually mislead the jury. The tenth instruction may or may not be obnoxious to the criticism here urged against it,—that depends upon the evidence, and the remainder of the charge; and as that is not set forth in the brief, we are not able to say that this instruction is erroneous; there is no error upon its face, and none is shown.