Opinion delivered April 22, 1887.

| 68 | 187 |
| 80 | 113 |
| 68 | 187 |
| 83 | 330 |

## No. 5536.

## T. O. PRATHER v. HENRY WILKENS.

1. EVIDENCE.—Testimony to establish the contents of a telegram is not admissible in the absence of evidence showing its loss or destruction.
2. EVIDENCE.—A charge to the effect that the jury should not regard a deed read to them as evidence of title, when the grantee, who was a party to the cause, had filed a disclaimer of any interest under the deed, was not a charge upon the weight of evidence.
3. SAME.—In determining whether a deed was intended by the parties to it as a mortgage, it was error to instruct the jury, in effect, that the instrument must be regarded as a deed unless the preponderance of evidence *clearly* shows that the same was intended by the parties at the time of execution to operate as a mortgage.   A preponderance of evidence is sufficient, and the use of the word *clearly* in the charge was misleading.
4. RATIFACTION.—If one accepts and records a deed, which was taken in settlement of accounts by one who assumed to act as his agent, after being notified of the settlement, he is thereby estopped from denying the authority of the agent, and is bound by the terms of the settlement made.
4. CHARGE OF COURT.—A charge of the court (when the issue was whether

an instrument was intended as a deed or mortgage) to the effect that if the jury believed that the instrument was intended to secure a debt, that it was a mortgage, and that the grantor in the instrument had the right to pay the debt at its maturity and have the property reconveyed, was misleading, since it left the jury to infer that unless the debt was paid at maturity, the debtor's right to a reconveyance was forfeited.

APPEAL from Bosque. Tried below before the Hon. J. M. Hall.

Suit against T. O. Prather, for the recovery of a lot and house in the town of Clifton, in Bosque county.

It was alleged in the petition that on the twenty-second day of September, 1883, Henry Wilkens was lawfully seized in fee simple and possessed the house and lot, and that T. O. Prather unlawfully entered on the lot and premises and forcibly ejected Wilkens.

The petition alleged the rental value to be three hundred dollars per year, asked for rents from September 22, 1883, and alleged that a writ of sequestration was issued and levied on the house and lot, which was replevied by Prather giving bond, and prayed for judgment of restitution.

Defendants pleaded not guilty, and answered that on the twenty-second day of May, 1882, Prather was in debt to Focke, Wilkens & Lange in a large sum of money, and to secure the same, executed a deed of trust; that on the twenty-second day of September, 1883, said firm caused the house and lot to be sold under the deed, and Henry Wilkens of the said firm became the purchaser for the sum of one hundred dollars, leaving a balance due by defendant, Prather, of one thousand dollars; that the house and lot were well worth the sum of two thousand five hundred dollars on the twenty-second day of September, 1883; that Henry Wilkens, one of the beneficiaries under the deed of trust, bought the same at the first and only bid, and that amount was greatly inadequate and unconscionable and in fraud of defendant's rights; that on the nineteenth day of November, 1883, Henry Wilkens sent his duly appointed agent, B. A. Watson, to compromise and settle with Prather and wife; that Prather's wife claimed a homestead on the lot; that Watson brought a deed for Prather and wife to sign which was drawn up by H. Wilkens's attorney in Galveston; that Watson induced Prather and wife to sign the deed by entering into a written contract to lease them the lot and house for one year; applying all rents to the old debt still due Focke, Wilkens & Lange, and upon Prather

and wife paying said firm as much as a thousand dollars within one year, to re-deed Prather and wife the house and lot; that the contract was in full force and effect at the commencement of this suit; that H. Wilkens ratified the acts of Watson by having the deed and contract recorded, and retaining them in his possession.

. B. A. Watson testified as follows: "Was in Clifton on the nineteenth day of November, 1883, and was representing Focke, Wilkens & Lange, and only represented them as a firm, and did not represent Henry Wilkens at any time. My business was to sell goods and solicit cotton shipments."     *     *     *     *     *

"I went to Clifton to sue Prather for possession of the house and lot, if suit was necessary. I notified Focke, Wilkens & Lange of what I did by telegraph, and they replied to me on said nineteenth day of November, disapproving of my action and ordering it canceled."

Defendant objected to this evidence, because it was irrelevant, and was not the best evidence.

Other facts are apparent from the opinion. Verdict and judgment for the house and lot for plaintiff and two hundred and ninety-two dollars rents.

*O. L. Lockett*, for appellant, cited Hutchins v. Bacon, 46 Texas, 409; Graham and Watterman on New Trials. Greenwood v. Pierce, 58 Texas, 132; Henderson v. Railroad Company, 17 Texas, 575; 52 Texas, 162; Parsons on Contracts, volume 1, page 50, section 51 and note "h;" Abbott's Trial Evidence, page 37, section 34, and page 41, note 4; Story on Agency, section 133, note 1.

No briefs on file for appellee.

GAINES, ASSOCIATE JUSTICE. The court erred in admitting the evidence of appellee's witness, Watson, that he notified Focke, Wilkens & Lange, by telegraph, of his having made the contract with Prather, and that they replied, disapproving his action, and ordering the contract canceled. The telegram was the best evidence of its contents, and in the absence of some proof showing its loss or destruction, the testimony should not have been admitted.

Appellee, who was plaintiff below, having disclaimed any interest under the deed from Prather and wife to him, dated

November 19, 1883, it was not error for the court to charge the jury that they should not regard that deed as conferring any title upon plaintiff to the property. Besides, it is not seen how appellants, who were defendants below, were prejudiced by this instruction.

"The fourth assignment of error is that the court erred in its charge in paragraph 11, which was as follows: 'The instrument executed by defendant and wife to plaintiff, being a deed of conveyance of the lot described in plaintiff's petition, *it will be so regarded* by you, unless the *preponderance* of evidence *clearly shows* that the same was *intended* by the *parties* at the *time* of *execution* to operate as a mortgage, and, unless you are so satisfied, from the evidence, that it was intended by the parties to said deed, you will find for the plaintiff.'" We think this assignment well taken. If the contract, which was executed at the date of the deed, did not clearly show whether it was a mortgage or not (and this we can not determine, because it is not copied into the record) it was sufficient for defendant to show that it was intended as such, by a preponderance of evidence. The use of the word *clearly* was calculated to induce the jury to believe that more than this was requisite. The error is more pronounced in the latter part of the instruction, which, in effect, tells the jury to find for plaintiff, unless they are clearly satisfied, by a preponderance of evidence, that a mortgage was intended.

The fifth assignment complains of the refusal of the court to give certain special instructions asked by appellant, to the effect that if appellee ratified the act of Watson, his alleged agent, a part of this was a ratification of the entire transaction. There was evidence tending to show that appellee accepted and recorded the deed after being notified of the settlement which had taken place between appellant and Watson. If so, this was a ratification also of the accompanying contract, and estops him from denying the authority of the alleged agent. This proposition is not submitted in the general charge, and therefore a special instruction upon the point should have been given.

Paragraph 10, of the charge of the court complained of in appellant's seventh assignment of error, is clearly misleading. In that paragraph the jury are told, in effect, that if they found that the deed of Prather and wife, dated November 19, was intended to secure a debt, that it was a mortgage, and that they had the right to pay the debt within one year, and to have the

Opinion of the court.

property reconveyed to them. From this the jury may have been led to infer that if they failed to pay within the year their rights under the deed and contemporaneous contract were forfeited. That the court did not intend this is evident from the twelfth paragraph of the charge, but taking both together, we can not say that the jury may not have been confused by these instructions.

The witness Watson testified that he was not authorized to make the contract, which was signed by him as agent of the appellee. If there had been no evidence tending to a different conclusion nor any of a ratification on part of appellee, the judgment should be affirmed, notwithstanding the errors pointed out, upon the ground that no other result could have been lawfully reached under the proof. But the witness testifies he was the agent of Focke, Wilkens & Lange to sell goods, that he went to Clifton, where the house and lot in controversy was situated, to get possession of it, at their instance; that he notified them of the transaction and they disapproved it. He testified, also, that he was not authorized to sign appellee's name to the contract. But it appears in evidence that he went with a deed already prepared for the signature of appellant and wife; and there is evidence tending to show that it had been drawn by the attorneys who represented Wilkens in the suit. Two attorneys who were present when the deed and contract were signed by appellant and Watson, testified, that upon being asked, he stated that he had authority to make the contract. Besides, it appeared that although the witness gave immediate notice by telegram of the transaction, and he received, as he says, a reply repudiating it, the deed was retained and was placed upon record. The evidence of appellee himself who best knew the scope of Watson's authority, was not introduced. Under these circumstances we can not say that there was no evidence, which would have warranted the jury in finding that Watson was authorized to consummate the agreement or in finding that it had been ratified.

The errors therefore are material and the judgment must be reversed and the cause remanded.

*Reversed and remanded.*