## W. L. GREEN v. J. H. KEGANS ET AL.

### Decided February 27, 1909.

**1.—Charge—Degree of Proof.**

The use of any expression in a charge imposing upon the plaintiff a greater burden than the establishment of his cause of action by a preponderance of the evidence, is reversible error. A charge which imposed upon the plaintiff the burden of proving his cause of action to the "reasonable satisfaction" of the jury, considered, and held reversible error.

**2.—Charge—Omission of Issue.**

Where, in a suit for the possession of personal property, the evidence raised the issue of authority in the agent to make a contract and also ratification of the acts of the agent, a charge which authorized a verdict for the defendant only in the event that the jury found from the evidence that the agent was authorized to make the contract, was misleading, in that it excluded from the consideration of the jury the issue of ratification.

Appeal from the County Court of Taylor County. Tried below before Hon. T. A. Bledsoe.

*Wagstaff & Davidson,* for appellant.—The court erred in the charge on the burden of proof as follows: "The burden of proof is upon the plaintiff to establish to your reasonable satisfaction by the preponderance of the evidence the material allegations of his petition, and the failure to do so will entitle the defendant to your verdict." Prather v. Wilkens, 68 Texas, 187; Baines v. Ullmann, 71 Texas, 529; Wallace v. Berry, 83 Texas, 328.

*Hardwicke & Hardwicke* and *W. H. Cliett,* for appellees.

SPEER, ASSOCIATE JUSTICE.—Appellant instituted this suit to recover from appellees the title and possession of two certain mules, and from an adverse decision has appealed.

The cause will be reversed for the error of the court contained in the following charge on the burden of proof: "The burden of proof is upon the plaintiff to establish to your reasonable satisfaction by a preponderance of the evidence the material allegations of his petition, and a failure to do so will entitle the defendants to your verdict." It is quite well established that the use of any expressions fairly imposing upon the plaintiff a greater burden than the establishment of his cause of action by a preponderance of the evidence is erroneous. The use of the words "satisfy" and "satisfaction" in this connection has been especially condemned. Prather v. Wilkins, 68 Texas, 187; Baines v. Ullmann, 71 Texas Civ. App., 529; Wallace v. Berry, 83 Texas, 328.

We are also inclined to the view that the charge complained of in appellant's first assignment of error, requiring a verdict in appellee's favor unless the jury found from the evidence that appellee Kegans authorized his son to enter into the arrangement with appellant whereby appellant retained the title to the mules for the security of the amount due to the Belcher Land Mortgage Company, was misleading in that it tended to exclude from the consideration of the jury the effect to be given to appellee Kegan's acceptance of the services of his son, that is, the issue of ratification.

In reversing the case, however, we call attention to Crews v. Harlan, 99 Texas, 93, wherein a transaction in no essential respect different from the one under consideration was held under article 3327, Revised Statutes, to create a chattel mortgage rather than a conditional sale.

For the error above indicated the judgment is reversed and the cause remanded for another trial.

*Reversed and remanded.*