## ROSS v. W. D. CLEVELAND & SONS.

(Court of Civil Appeals of Texas. Nov. 2, 1910. On Motion for Rehearing, Nov. 30, 1910. Further Rehearing Denied Jan. 11, 1911.)

1. ACTION (§ 38*)—SINGLE AND ENTIRE CAUSE OF ACTION—CONSISTENCY OF THEORIES.

A petition against an acceptor of an order by a debtor to pay the creditor out of excess collateral in the acceptor's hands was not bad as misjoining actions because it presented the inconsistent theories that the collateral was sufficient to pay both the creditor's and the acceptor's claims, but was wasted, and that acceptor falsely represented that the collateral was so sufficient.

[Ed. Note.—For other cases, see Action, Cent. Dig. § 549; Dec. Dig. § 38.*]

2. ACTION (§ 47*) — JOINDER—CONTRACT AND TORT.

Generally, actions on contract and on tort cannot be joined, but actions arising directly from, or immediately connected with, the same matter can be joined.

[Ed. Note.—For other cases, see Action, Cent. Dig. §§ 469–489; Dec. Dig. § 47.*]

3. ACTION (§ 27*) — NATURE — CONTRACT OR TORT.

A petition against an acceptor of an order by a debtor to pay the creditor out of excess collateral in the acceptor's hands, on the theory that the collateral was sufficient to pay both the creditor's and the acceptor's claims, but was wasted by the latter, or that the acceptor falsely represented that the collateral was so sufficient, states causes of action in tort, though in a sense, the action might be regarded as for breach of contract.

[Ed. Note.—For other cases, see Action, Cent. Dig. §§ 160–195; Dec. Dig. § 27.*]

4. FRAUD (§ 27*) — REPRESENTATIONS CONCERNING ANOTHER'S ASSETS.

If A. falsely represents to B. that he has collateral of a debtor sufficient to pay both their claims, and thereby induces B. to accept an order drawn by the debtor on A. for proceeds above A.'s claim, and if B., relying on such security, forbears collection of his claim, which is subsequently lost through the debtor's insolvency, B. is liable for A.'s damage.

[Ed. Note.—For other cases, see Fraud, Cent. Dig. § 8; Dec. Dig. § 27.*]

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

**5. TRIAL (§ 194*)—INSTRUCTIONS—WEIGHT OF EVIDENCE.**

The presumption of one's innocence of fraud being one of fact and not of law, an instruction thereon is improper as being on the weight of the evidence.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 439–441; Dec. Dig. § 194.*]

**6. FRAUD (§ 65*)—INSTRUCTIONS—BURDEN OF PROOF.**

It is improper to instruct that the burden is on one asserting fraud to establish it by clear and satisfactory evidence.

[Ed. Note.—For other cases, see Fraud, Cent. Dig. §§ 72–74; Dec. Dig. § 65.*]

**7. BILLS AND NOTES (§ 82*)—ACCEPTANCE OF ORDER—LIABILITY.**

In an action against an acceptor of an order by a debtor to pay the creditor out of excess collateral in the acceptor's hands, on the theory that the collateral was sufficient to pay both the creditor and the acceptor's claims, but was wasted by the acceptor, or that he falsely represented that the collateral was so sufficient, it was necessary to show the debtor was insolvent.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 143–148; Dec. Dig. § 82.*]

**8. TRIAL (§ 131*)—IMPROPER ARGUMENT—REQUEST FOR INSTRUCTION.**

Improper argument to which objection has been sustained is not reversible error in the absence of a request for a special instruction that the argument is improper.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 312–314; Dec. Dig. § 131.*]

**9. APPEAL AND ERROR (§ 233*)—REVIEW—IMPROPER ARGUMENT.**

The Court of Civil Appeals can review an exception to improper argument where objection thereto has not been sustained, though no instruction to disregard the argument was requested.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 627; Dec. Dig. § 233;* Trial, Cent. Dig. § 192.]

On Rehearing.

**10. APPEAL AND ERROR (§ 1060*)—HARMLESS ERROR—IMPROPER ARGUMENT.**

An improper remark by counsel in argument that he could prove a certain fact by 20 witnesses was harmless error, where the fact was admitted in the pleadings.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4135; Dec. Dig. § 1060.*]

Appeal from Harris County Court, A. E. Amerman, Judge.

Action by W. D. Cleveland & Sons against J. O. Ross and another. Judgment for plaintiffs, and defendant Ross appeals. Affirmed.

Baker, Botts, Parker & Garwood, for appellant. Hunt, Myer & Townes, for appellees.

NEILL, J. On March 25, 1907, J. H. Brightwell being indebted to W. D. Cleveland & Sons in an amount then estimated to be about $700, executed as security for such indebtedness the following instrument: "Houston, Texas, March 25th, 1907. Mr. J. O. Ross—City: You will please pay to W. D. Cleveland & Sons the amount of my indebtedness to them of about $700.00 after using the collateral you have on hand towards paying and satisfying my indebtedness to you; by that I mean whatever excess you have on hand of collateral over and above my indebtedness to W. D. Cleveland & Sons, amounting, as stated above, to about $700.00. Yours truly, J. H. Brightwell." This instrument was on the same day presented by the drawers to Ross, and duly accepted by him. The appellees who were then urgent in their demands upon Brightwell for the payment of their debt, were moved and induced to accept the writing as security therefor and to forego proceedings to collect the same, by reason of the representations and promises, made to them at the time the instrument was drawn by the appellant, that he (Ross) was also a creditor of Brightwell, and that his debt was secured by property of the latter amply sufficient, over and above the amount of such debt, in value to pay theirs after the payment and satisfaction of his own; and promised them that if they would procure an order on him from Brightwell, in the terms of the one recited, for the amount he owed them, he (Ross) would accept the same.

Brightwell having failed to pay Cleveland & Sons said indebtedness, they instituted this suit against him, as well as against Ross therefor. After alleging in their petition the foregoing matters of fact, they averred, as their cause of action against Ross, that, at the time he accepted the order drawn on him by Brightwell in their favor for such indebtedness, the collateral security for such indebtedness was ample in value, if managed and disposed of by him with ordinary care, to raise a sufficient sum of money to pay Brightwell's debt to them with the surplus, after the satisfaction of the latter's indebtedness to him; that the defendant Ross had negligently failed to manage and dispose of said collateral, so as to realize its value. But he had, in violation of his duty to plaintiffs, dissipated, wasted, and permitted the same to be lost to them as security for their debt; that Brightwell, some time after making the assignment of the surplus security, became, and is now, insolvent. The petition also alleged that Ross, at the time said order on him by Brightwell was made, falsely and fraudulently represented to plaintiffs that he held enough property of the latter, given him as collateral security for his debt, to pay it off and to discharge theirs with what would remain on hand after paying his; that relying upon said representations and believing them to be true, they were induced thereby, at the suggestion of Ross, to take said writing as security for their debt, and to forbear taking any further steps to secure or collect the same from Brightwell, which they could and would have done, he being then solvent, had it not been for such false and fraudulent representations; that Brightwell has since become wholly insolvent and that they

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

are unable to collect or enforce the payment of their debt from him; and that by reason of their being deceived by such false and fraudulent representations made by Ross, and being induced thereby to forbear from taking steps against Brightwell to collect the same when he was solvent, Ross became liable to them for the payment thereof.

The answer of Ross consisted of a general demurrer, special exceptions to plaintiffs' petition, a general denial, a special denial that he entered into any conspiracy to defraud plaintiffs or had defrauded or wronged them; and a special answer in which he alleged that Brightwell was still indebted to him in the sum of about $2,500, after applying to his debt all the collateral held by him at the time the written order on him was given, and that such sum was due him by Brightwell at that time. The answer then contains an alleged statement of the different securities that came into his hands, and purports to account for the disposition of the same. No answer was filed by Brightwell. As to Ross, the case was tried before a jury who returned a verdict against him in favor of plaintiffs 'for the sum of $383.84, upon which judgment was entered, as well as against Brightwell, by default, for said amount, with interest from date of judgment at the rate of 6 per cent. per annum. Ross alone has appealed.

We deem it unnecessary to recite or discuss the evidence on the conflicting issues. Suffice to say that it reasonably tends to prove that, at the time the written order was given by Brightwell to plaintiffs on Ross, the collateral security held by the latter was amply sufficient, had it been preserved, utilized, and its proceeds appropriated to that purpose, to have paid off and discharged the entire indebtedness of Brightwell to Ross which it was given to secure, and, in addition thereto, to have paid the debt sued on by the plaintiffs; that Ross negligently failed to exercise ordinary care to preserve, utilize, and appropriate the proceeds of said collateral security to the payment of the debts due either himself or the plaintiffs; that after the order above recited was given by Brightwell he became insolvent, and, for that reason, they could not collect their debt from him, except through the said Ross on said order.

As the finding that the collateral security held by Ross was sufficient in value to pay both his and plaintiffs' debt, is logically inconsistent with the theory that it was not, and that Ross falsely and fraudulently represented it was, etc., we need not further notice it in so far as the evidence is concerned as a ground of recovery. But will, however, observe that we do not think plaintiffs' petition, in presenting both theories, was subject to the special exception urged against it on the ground of misjoinder of actions. It is, of course, a general rule that actions ex contractu and ex delicto may not be joined.

But the rule is not without its exceptions under our system of pleading. An exception to the rule is, when the two actions grow directly out of or are immediately connected with the same matter. Towne on Pleading, 151; Hooks v. Fitzenrieter, 76 Tex. 277, 13 S. W. 230; Thomas v. Ellison, 110 S. W. 934. In the case last cited it was directly held that a cause of action for a breach of a contract of warranty may be joined with a cause of action for deceit which resulted in the execution of the deed containing the warranty. Though a writ of error was granted in the case, the holding of the Court of Civil Appeals upon this point was affirmed by the Supreme Court, 116 S. W. 1141. But it occurs to us that on neither theory does plaintiffs' petition present an action purely for a breach of contract. They do not sue for any surplus that Ross realized from the collateral security he held, but for his negligence in dissipating the security or allowing it to be dissipated, so that no surplus was realized on it which could be paid on plaintiffs' debt in accordance with the order held by them. This, though it might in one sense be regarded as a breach of contract, may at the same time be viewed as a tort. For it shows that Ross was negligent in failing to discharge a duty, arising from his acceptance of the order, which duty he owed plaintiffs, and that by reason of such negligence they were unable, on account of Brightwell's subsequent insolvency, to collect their demand against him. In this view of the matter, a suit based upon either theory would be an action ex delicto.

The assignment of error which complains that the part of the court's charge which submits the issue of fraud to the jury is erroneous, in that the facts thereby submitted, if proved, were insufficient to constitute fraud is overruled. What element of fraud is omitted from this part of the charge is not indicated by the assignment. We are unable to perceive any affirmative error in the charge. It seems to us that, if one falsely represent to another that he has in his hands, as security, property of his debtor amply sufficient to pay a debt due him as well as one due him to whom the false representations are made, and thereby induces him to accept an order drawn by the debtor on him who makes such representations for the surplus proceeds of the security after paying his own debt, and that if he, relying upon the sufficiency of the security which he has thus been induced to take, forbears to take action against his debtor to collect his debt, and his debtor afterwards becomes insolvent so the debt is lost, he who made the representations is guilty of such fraud as renders him liable on account of it to the other party for the debt he has lost in consequence.

None of the assignments of error which complain of the court's overruling the exceptions to plaintiffs' petition is well taken.

To have given the special charge, the refusal of which is complained of in the seventh assignment, would have been error. The presumption of innocence in favor of one charged with fraud is one of fact, not of law. Therefore, to charge the jury on such presumption is upon the weight of evidence. Stooksbury v. Swan, 85 Tex. 563, 22 S. W. 963; Jones v. Wright, 92 S. W. 1010. It would also have been error for the court to charge the jury "that the burden is upon a party asserting fraud to establish the same by clear and satisfactory evidence." Prather v. Wilkins, 68 Tex. 187, 4 S. W. 252; El Paso Elec. Ry. v. Kitt, 90 S. W. 678; Guerguin v. Boone, 33 Tex. Civ. App. 622, 77 S. W. 630.

One of counsel for plaintiffs in his argument to the jury stated if plaintiffs had not sufficiently proved the insolvency of the defendant Brightwell at the time of the trial he could prove such by 20 witnesses in the city. To such statement of counsel the appellant objected and reserved a bill of exceptions. It does not appear from the bill of exceptions that the court ruled upon the objection, or that the language in question was withdrawn. That such a statement was improper there can be no question. It was essential to plaintiffs' recovery against Ross that they prove Brightwell's insolvency. This was a contested issue, the burden of proving the affirmative of which was on the plaintiffs. The evidence was not such as to establish it as a matter of law, and the statement of counsel in his argument was strongly calculated to prejudice the jury in plaintiffs' favor. Southwestern Tel. & Tel. Co. v. Taylor, 118 S. W. 118. The rule seems to be that when counsel makes an improper statement in argument, and the court sustains an objection thereto, such misconduct will not be considered reversible error in the absence of a request for a special instruction that the statement is not proper for the jury's consideration. Jones v. Wright, 92 S. W. 1010; Bonner v. Glenn, 79 Tex. 534, 15 S. W. 572; Southern Pac. Co. v. Hart, 116 S. W. 417. But here we have a case where the objection to the improper remark was not sustained by the court; but it was allowed, without disapproval, to work its prejudice upon the jury. This presents the question: "Should objections to argument of counsel be considered in appellate courts on bills of exceptions which merely show the presentation of exceptions to such argument, without in some way invoking the action of the trial court, either by asking the repression of such argument or requesting a charge instructing the jury to disregard the same?" This is the identical question propounded to the Supreme Court in Telegraph Co. v. Perry, 95 Tex. 648, 69 S. W. 133, and was answered thus: "When exception has been reserved by proper bill to language used by counsel in addressing a jury, the Court of Civil Appeals has authority to review the action of the trial court in reference thereto, although there may have been no request by the complaining party that a charge be given to the jury to disregard the improper language." This may not be regarded as a complete answer to the question, unless it carries the implication that some action of the trial court, in reference to the language excepted to, was in some way taken. It may be that the very action of the court in giving the bill of exception was taken to imply that the trial court failed to sustain the objection taken to the improper language. But however this may be, we take it that the decision requires us to consider the assignment of error which complains of such objectionable language; and in doing so we have reached the conclusion that it is well taken and requires the reversal of the judgment against appellant.

Reversed and remanded.

### On Motion for Rehearing.

In reversing the judgment on account of remarks of appellees' counsel, mentioned in the original opinion, we overlooked the fact that appellant's first amended original answer, upon which the case was tried, alleged that Brightwell, at the time he entered into the contract with appellant, and at other dates mentioned therein, was insolvent. This allegation relieved the plaintiffs from proving such insolvency, it being admitted in their adversary's pleading. This rendered the remarks complained of harmless, for the appellant could not have been prejudiced by plaintiffs' counsel remarking that he could prove by any number of witnesses a fact which had already been admitted by defendant in his pleadings.

Wherefore the motion is granted, and the judgment of the county court affirmed.