## WYATT v. CHAMBERS. (No. 7029.)

(Court of Civil Appeals of Texas. Galveston. Dec. 23, 1915.)

1. DEEDS ⬩70—VALIDITY—FRAUD.

Where a grantee, to procure a deed to real estate, and for the purpose of defrauding and deceiving the grantor, promised to pay the grantor $700 in cash, with the intention at the time of not making such payment, and the grantor relying thereon, executed and delivered the deed, and the payment was never made, the grantor was guilty of such fraud as authorized the cancellation of the deed, since, while a failure to keep a promise to perform an act in the future is not fraud in legal acceptation, though the promise is the consideration upon which a deed is executed, and the failure to keep it is wholly without excuse, this rule is subject to a well-recognized exception applicable where the representations and promises are made for the purpose of defrauding and deceiving, and with no intention at the time of performing them.

[Ed. Note.—For other cases, see Deeds, Cent. Dig. §§ 165–182; Dec. Dig. ⬩70.]

2. APPEAL AND ERROR ⬩1067 — HARMLESS ERROR—INSTRUCTIONS.

In a suit to cancel a deed for fraud, plaintiff requested an instruction that if the grantee promised and represented that he would pay the grantor $700, upon the execution of the deed, with the design of cheating and deceiving the grantor, and with the intention at the time of not paying such sum, and if the grantor relied thereon and executed the deed, and if the payment was never made, to find for plaintiff. The court charged that if it was agreed that the grantee was to pay the grantor $700, and pay up all back taxes and support the grantor for life, and if the grantee had failed to make such cash payment and to pay such back taxes, and to furnish such support, and if such promises and agreements were fraudulently made for the purpose of deceiving the grantor, and without intention of carrying out and performing them, the verdict should be for plaintiff. Held, that the evidence being sufficient to raise the issue, the refusal of the requested instruction was prejudicial error, as the instruction

given did not authorize a verdict for plaintiff if the grantee complied with the promise to pay the taxes and support the grantor, though he failed to pay the cash consideration.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4229; Dec. Dig. ⬩1067; Trial, Cent. Dig. § 475.]

3. DEEDS ⬩70—VALIDITY—FRAUD.

If a grantee promised to pay $700 for real estate and to pay up back taxes and support the grantor, and if he did not intend to make such cash payment, but made the promise fraudulently for the purpose of procuring the execution of the deed, and if he did not pay the cash consideration, the deed should be set aside, notwithstanding his faithful compliance with his other promises.

[Ed. Note.—For other cases, see Deeds, Cent. Dig. §§ 165–182; Dec. Dig. ⬩70.]

4. CANCELLATION OF INSTRUMENTS ⬩43 — PLEADING—ISSUES.

In a suit to set aside a deed conveying lots 4 and 5, the petition alleged that lot 4 was fraudulently inserted in the deed without plaintiff's knowledge or consent, that she could not read or write, and did not intend to convey lot 4, that defendant promised to pay $700 for lot 5, and support plaintiff as long as she lived, and pay all back taxes, that defendant did not intend to pay anything for the property, but made the promise for the sole purpose of decoying plaintiff into signing the deed, that plaintiff believed the promise, and with that belief executed the deed, and that no money was ever paid her. Held, that this raised an issue as to defendant's fraudulent promise to make the cash payment without intent of making it, with respect to lot 4, as well as lot 5, there being but one conveyance which included both lots.

[Ed. Note.—For other cases, see Cancellation of Instruments, Cent. Dig. §§ 96–99; Dec. Dig. ⬩43.]

5. TRIAL ⬩234—INSTRUCTIONS—BURDEN OF PROOF.

A party to a suit is only required to prove his case by a preponderance of the evidence, and an instruction requiring a party to establish the facts relied upon by him as grounds for a recovery by a clear preponderance of the evidence imposes too great a burden upon him.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 534–538, 566; Dec. Dig. ⬩234.]

6. WITNESSES ⬩178—COMPETENCY—TRANSACTION WITH DECEASED PARTY—"CALLING" OF WITNESS.

In a suit by the administrator of W. against the administratrix of C., an heir of W., who was incompetent to testify against defendant as to statements made to her by deceased, "unless called to testify thereto by the opposite party," was not called by defendant within the statute, where plaintiff prepared and filed interrogatories to her stating that her deposition would be taken in answer thereto, and defendant thereupon propounded cross-interrogatories and procured the issuance of a commission under which the deposition was taken, and the deposition could not be introduced by plaintiff, as the filing of the direct interrogatories was the "calling" of the witness.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 722–725; Dec. Dig. ⬩178.]

Appeal from District Court, Harris County; Wm. Masterson, Judge.

Action by P. B. Wyatt, administrator, against W. J. Chambers, who died pending action, which was then defended by his administratrix. From judgment for defendant, plaintiff appeals. Reversed and remanded.

---

A. C. Van Velzer and Fred R. Switzer, both of Houston, for appellant. W. H. Ward and Hortense Ward, both of Houston, for appellee.

McMEANS, J. Catherine Williams brought this suit against W. J. Chambers to set aside a deed executed by her to W. J. Chambers conveying lots 4 and 5 in block 49 in the Baker addition to the city of Houston. She died before a trial was had, and P. B. Wyatt was appointed administrator of her estate, and the suit is prosecuted by him in that capacity. It is alleged in plaintiff's petition that lot 4 was fraudulently inserted in said deed without her knowledge or consent, and that she could not read or write, and that she did not intend to convey lot 4; and that defendant promised to pay to Catherine Williams for lot 5 the sum of $700 in cash, and to support her as long as she lived, by providing her with the necessaries of life, and also to pay all back taxes then due upon the property; that defendant did not intend to pay her anything therefor at the time he made the promise, but made the promise for the sole purpose of decoying her into signing the deed; that she believed the promise, and with that belief she executed and deliverd the deed, and that no money was ever paid her for said conveyance.

Pending a trial Chambers died, and the suit was defended by his administratrix, who pleaded that the consideration for the execution of the deed was only that the said Chambers should pay the taxes owing upon the property, repair the house upon the property, in which Catherine Williams lived, and permit her to have a home there for the balance of her life; that he fully performed his agreement with her by paying the taxes, amounting to several hundred dollars, and by furnishing a home to her during her lifetime; specially denied that there ever was an agreement to pay her $700, or any cash sum; specially denied that lot 4 was inserted in the deed without the knowledge and consent of Catherine Williams, but averred that, on the contrary, the same was included in the sale.

A trial before a jury resulted in a verdict and judgment for defendant, and the plaintiff has appealed.

Upon the trial the plaintiff introduced testimony which, if given credence by the jury, would have warranted a finding for plaintiff upon the issues presented by his pleadings. On the other hand, the defendant introduced testimony, which, being believed by the jury, warranted their finding on the issues raised by her pleadings. The verdict is not questioned upon this appeal by any assignment of error challenging the sufficiency of the evidence to sustain the same, but the assignments presented are predicated upon alleged prejudicial errors in the court's charge, the refusal to give a certain charge requested by

plaintiff, and upon the exclusion of certain testimony offered by the plaintiff upon the trial.

[1-3] The fifth assignment complains of the refusal of the court to give to the jury the following special charge requested by plaintiff:

"You are instructed that if W. J. Chambers at the time he secured said deed from Catherine Williams, dated October 3, 1907, promised and represented to her (if you find from the preponderance of the evidence that he made such promises and representations) that he would pay her the sum of $700 cash upon her execution of the deed to him of the corner lot No. 5, and did so with the design of cheating and deceiving said Catherine Williams and had the intention at the time of not paying the said $700 at that time or any other time in the future, but merely used such promises and representations, if any, as a false pretense, if any, to induce the said Catherine Williams to execute said deed, and if the said Catherine Williams relied upon such promises and representations at the time, if any, and executed the said deed, and would not have executed the said deed had such promises and representations, if any, not been made to her, and if she had not believed the same, if you find she did believe same, and if you find that the said $700 was not paid, then you will find for the plaintiff for both of said lots."

Appellant, under his first assignment of error, advances the following proposition:

"Where a proposed grantee in order to procure a deed to real estate made promises and representations to the grantor that he would pay her $700 in cash upon the delivery of the deed, and the grantor relying upon such promises and representations executed and delivered the deed to the grantee, when at the time of making said promises and representations said grantee made the same for the purpose of defrauding and deceiving the grantor, and had the intention at the time of not paying the promised cash payment, and never did pay the same, the grantee was guilty of such fraud as will authorize the cancellation of the deed."

The above proposition is an accurate statement of the law as we understand it. While a failure to keep a promise to perform some act in the future will not be regarded as fraud in legal acceptation, although the promise is the consideration upon which a deed is executed and the failure to keep it is wholly without excuse, there is a well-recognized exception to this rule where the representations and promises are made for the purpose of defrauding and deceiving, and without any intention at the time the same are made of performing the same. This exception is recognized in Railway v. Titterington, 84 Tex. 218, 19 S. W. 472, 31 Am. St. Rep. 39, Railway v. Smith, 98 Tex. 553, 86 S. W. 322, May v. Cearley, 138 S. W. 165, and Insurance Co. v. Seidel, 52 Tex. Civ. App. 278, 113 S. W. 945, and was applied by the El Paso Court of Civil Appeals on the former appeal of this case. Chambers v. Wyatt, 151 S. W. 864.

The evidence being sufficient to raise the issue, and the court recognizing the exception to the general rule above stated, gave to the jury in its charge in chief the following instructions:

"Now you are charged that if you believe from a clear preponderance of the evidence in this case that on the date mentioned, to wit, the 3d day of October, 1907, that said Catherine Williams executed a deed conveying to the defendant, W. J. Chambers, lots 4 and 5 in block No. 49, Baker addition to the city of Houston, Tex., but if you further believe from the evidence that it was agreed by and between the said parties that the said Chambers was to pay the said Catherine Williams the sum of $700 in cash, to pay up all back taxes due on the said property, and to support the said Catherine Williams during her life as the considerations for the execution and delivery of the said deed, and you further believe from the evidence in this case that the said W. J. Chambers has not paid the consideration mentioned and agreed upon, if you find such to be the case—that is to say, that he has failed to pay the $700 in cash, has failed to pay up all back taxes due on said property, and failed to provide the said Catherine Williams with all the necessaries of life—if you find such was the consideration for the execution of the said deed, and you further find that at the time said promises and agreements were made by said Chambers, that they were fraudulently made and made for the purpose of deceiving the said Catherine Williams, and without any intention on the part of the said W. J. Chambers of carrying out and performing same, then in such event you will let your verdict be in favor of the plaintiff as to lot No. 5 of said block No. 49, Baker addition."

It will be observed that under this charge the jury could not have found for the appellant, unless they believed from the evidence that all of the promises made by Chambers to Catherine Williams, as the consideration for the execution and delivery of the deed, had not been kept; that is to say, that unless Chambers had failed to perform his promise to pay the back taxes due upon the property and to provide her with the necessaries of life, and to pay her $700 upon the execution and delivery of the deed, the jury would not have been authorized by the charge to find for plaintiff, even though they may have believed from the evidence that he had complied with his promise to pay the taxes and furnish her a support, yet had not paid the cash consideration promised. In other words, the charge required the jury to find that Chambers had failed to comply with all the promises made by him before they could return a verdict for the plaintiff. We believe that if Chambers promised to pay Catherine Williams $700 for the property and to perform certain other agreements made as the consideration for the sale, and that at the time he promised to pay the cash consideration he did not intend to pay it, but made the promise fraudulently for the purpose of procuring her to execute the deed, and that thereafter he did not pay the cash consideration, the deed could and should be set aside, notwithstanding he thereafter faithfully complied with his other promises.

The special charge contained an accurate instruction in this regard and should have been given, and the refusal of the court to give it was such prejudicial error against the appellants as to require a reversal.

[4] Appellee contends that the refusal to give the special charge was not error for the reason that there were no pleadings to support it, in that plaintiff did not ask for cancellation of the deed to lot 4 for failure to pay the consideration of $700, but asked for cancellation for such alleged failure as to lot 5.

We think the pleadings were sufficient to raise the issue as to both lots. There was but one conveyance and it included both lots; and plaintiff alleged that the deed was obtained by Chambers by making false and fraudulent promises to Catherine Williams that he would pay her $700 in cash, and that he would pay the back taxes upon the property and support her as long as she lived. While it is alleged that Catherine Williams did not know that lot 4 was inserted in the deed, that it was so inserted by Chambers fraudulently, and that if she had so known she would not have signed the deed, nevertheless it is alleged that she was induced to sign the deed that was executed by reason of each of the promises and representations made to her by Chambers, which she believed and relied on, and was thereby decoyed into parting with the title to her property, and that Chambers made the promises with the sole purpose of deceiving her and defrauding her out of her property, and without any intention on his part of complying with the same at the time when made or any time thereafter.

[5] In submitting the issues presented by the plaintiff's pleadings and raised by the evidence, the court instructed the jury that if they believed from a clear preponderance of the evidence that certain facts alleged by plaintiff as grounds for recovery existed, to find for plaintiff. The appellant contends that the charge, requiring plaintiff to prove his case by a clear preponderance of the evidence, imposed a greater degree of proof upon him than required by law, and is erroneous.

The law only requires that a party to a suit shall prove his case by a preponderance of the evidence, and the charge requiring that he establish the facts relied upon by him as grounds for recovery by a clear preponderance of the evidence imposes a greater burden upon him than is imposed by law. Green v. Keegans, 54 Tex. Civ. App. 237, 118 S. W. 173; Prather v. Wilkens, 68 Tex. 187, 4 S. W. 252. The charge is erroneous; but in view of the fact that the judgment will be reversed for the error hereinbefore indicated, and as the error above stated is not likely to happen upon another trial, we will not pause now to determine whether such error should require a reversal.

[6] We think that the court did not commit error in refusing to permit Alma Whitby to testify in behalf of plaintiff. She was an heir of Catherine Williams, deceased, and was incompetent to testify against the defendant as to statements made to her by the deceased, "unless called to testify thereto by the opposite party." The facts that gave

rise to the questions are these: The plaintiff prepared interrogatories to Alma Whitby which were filed with the clerk, stating that her deposition would be taken in answer thereto and would be used by plaintiff as evidence upon the trial of the case, and notice of such filing was served upon the defendant. Thereupon the defendant propounded cross-interrogatories to her. Thereafter the defendant procured the issuance by the clerk of a commission to take the deposition of the witness and caused the same to be placed in the hands of a notary public for execution. Her deposition was taken accordingly and the fees of the notary for taking same were taxed as costs in the case. However, the amount of these costs were advanced and paid to the notary by the defendant. Under these facts the plaintiff makes the contention that when defendant procured the answers of the witness to be taken she was "called to testify thereto by the opposite party," and that this gave the plaintiff the right to introduce her testimony, although she would have been incompetent to testify as to the same matters had she been called by the plaintiff to testify.

We cannot agree to this contention. The filing of the direct interrogatories was the "calling" of the witness in this instance, and she was therefore called by the plaintiff and not by the defendant. Ivy v. Ivy, 51 Tex. Civ. App. 397, 112 S. W. 112. We think the court correctly sustained the objection to the introduction of her deposition, and the assignment raising the point is overruled.

For the error first hereinbefore indicated the judgment of the court below is reversed, and the cause remanded.

Reversed and remanded.