We approve the holding of the Commission of Appeals on the questions discussed in its opinion.

---

### REINHARDT et al. v. NEHRING et al.
### (No. 728–4657.)

(Commission of Appeals of Texas, Section B. Feb. 23, 1927.)

1. **Wills** ⟜55(1)—**Proponent of will need not prove testator's sanity to satisfaction of jury; preponderance of evidence being sufficient (Rev. St. 1925, arts. 3348, 3349; Const. art. 5, § 16).**

Proponents of will *held* not required to prove testator was of sound mind at time of execution of will to satisfaction of jury; burden being merely to show fact of sanity by preponderance of evidence, as Rev. St. 1911, arts. 3271, 3272, now Rev. St. 1925, arts. 3348, 3349, requiring that mental soundness of testator be proved to satisfaction of court before admitting will to probate, constitute mere direction to court, not establishing different rule to guide jurors as to burden of proof on analogy to Rev. St. 1925, § 4632, relating to divorce decree, statutes being under head of "Estates of Decedents," tit. 54, first article of which confers jurisdiction on county court to probate wills in accordance with jurisdiction granted by Const. art. 5, § 16.

2. **Wills** ⟜300—**Requirement that certain facts be established to court's satisfaction before admitting will to probate requires that evidence be such as to satisfy court of its probative value (Rev. St. 1925, arts. 3348, 3349).**

Rev. St. 1911, arts. 3271, 3272, now Rev. St. 1925, arts. 3348, 3349, requiring certain facts as to testator's mental soundness and death and execution of will to be established to satisfaction of court before will can be admitted to probate, makes it necessary that proof of affirmative of issues named be tendered and evidence be of such character as to satisfy court of its probative value and force.

3. **Wills** ⟜53(1)—**Admissibility of circumstances affecting testator's mental capacity is within discretion of trial court.**

Questions in will contest involving lack of mental capacity are largely provable by circumstances and subject to trial court's discretion in admitting testimony.

4. **Wills** ⟜324(1)—**Weight and value of evidence in will contest is for jury.**

Weight and value of circumstances admitted in evidence in will contest and having probative force is for jury.

Error to Court of Civil Appeals of Third Supreme Judicial District.

In the matter of the estate of Henrietta Prinz, deceased. Proceeding by Emit Reinhardt and others for the probate of the decedent's will, contested by Mrs. Emma Nehring and others. A decree in favor of the contestants denying probate, was affirmed by the Court of Civil Appeals (283 S. W. 347), and proponents bring error. Judgments of the district court and the Court of Civil Appeals reversed, and cause remanded to district court.

Charles Black and E. R. Pedigo, both of Austin, for plaintiffs in error.

Dickens & Dickens, of Austin, for defendants in error.

SHORT, J. This suit involves the construction of an instrument offered as the last will and testament of Henrietta Prinz, deceased. The instrument was presented by the plaintiff in error for probate and its probate was contested by the defendants in error. Henrietta Prinz had married twice, her husbands being brothers, and died March 28, 1923, suddenly, of heart failure. The instrument offered was dated March 17, 1905, and on the 14th day of December, 1917, Henrietta Prinz executed a codicil to the instrument dated March 17, 1905. The contestants in their pleadings alleged: (1) Forgery of the will and codicil; (2) undue influence of the second husband of the deceased upon her; (3) undue influence of the plaintiff in error and his wife upon the deceased, inducing the execution of the codicil; (4) mental incapacity of the testatrix on March 17, 1905, and on December 14, 1917.

Upon hearing in the county court, the probate of the instrument was denied, and, upon an appeal to the district court, a similar result was secured. The case having been appealed to the Court of Civil Appeals, the judgments of the lower courts were affirmed. For further facts in the case we refer to the opinion of the Court of Civil Appeals. 283 S. W. 347. The writ of error was granted on account of the alleged conflict in the decisions of the Courts of Civil Appeals construing articles 3271 and 3272 of the Revised Statutes of 1911, now articles 3348 and 3349 of the Revised Statutes of 1925. Article 3348 provides that the following facts must be proved to the satisfaction of the court before admitting a will to probate, to wit: (1) That the testator at the time of executing the will was at least 21 years of age, or was married, that he was of sound mind, and that he is dead; (2) that the court has jurisdiction of his estate; (3) that citation has been served and returned in the manner and for the length of time required by law; (4) that the testator executed the will with the formalities and solemnities and under the circumstances required by law to make a valid will;

---

⟜For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

(5) that such will has not been revoked by the testator.

Article 3349 provides that, if the will be a written will, which cannot be produced in court, the cause of its nonproduction must be proved, and such ·cause must be sufficient to satisfy the court that it cannot by any reasonable diligence be produced, and the contents of such will must be substantially proved by the testimony of credible witnesses who have read it or heard it read.

[1] The plaintiff in error's first assignment of error is as follows:

"The burden of proof is upon the proponent in the will contest case to show by a preponderance of the evidence the fact of sanity, and the charge is unwarrantably burdensome and is highly prejudicial that instructs the jury, 'under the law, before a will can be admitted to probate, it must be proved to the satisfaction of the jury that the testatrix was of. sound mind at the time she executed the will; and the burden of proof to prove said issue is upon the proponent of the instrument sought to be probated,' and the Court of Civil Appeals erred in holding to the contrary."

Nine propositions are submitted under this assignment, the substance of which is that the statute simply provides the quantum of· proof necessary before a probate court is authorized to admit a will to probate, to wit, each of the issues enumerated in the five sections of the act must affirmatively appear, but it. does not prescribe a rule respecting the burden of proof or as to the weight and measure of the evidence.

The district court submitted the case to a jury upon special issues, after instructing the jury, among other things, that, under the law, before a will can be admitted to probate, it must be proved to the satisfaction of the jury that the testatrix was of sound mind at the time she executed the will, and that the burden of proof to prove said issue is upon the proponent of the instrument sought to be probated. The question submitted to the jury involved the sanity of Henrietta Prinz at the time of the execution of the instrument of date March 17, 1905, and her sanity at the time of the execution of the codicil of date December 14, 1917, as well as the question of whether Henrietta Prinz was caused to execute the instrument of date March 17, 1905, by reason of undue influence exerted by her husband.

Texas has a probate system, as in fact it has had since January 22, 1836, wherein, by a decree of the Congress of the Republic, proceedings relative to successions, matters of probate, etc., are governed by the principles and laws in similar cases in the state of Louisiana. However, the first regular system was adopted by the Act of February, 5, 1840 (Laws 1840, p. 110). The present system is founded upon an Act of May 11, 1846 (Laws 1846, p. 308), which adopted a new system and repealed all former laws prior to that time. On March 20, 1848 (Laws 1848, c. 157), another complete system was established, and the Act of May 11, 1846, was repealed. Though there· have been many amendments to the Act of March 20, 1848, rendered more or less necessary by the change in the organic law of the state, yet the Act of August 9, 1876, is substantially the same in its general provisions as the Act of March 20, 1848. By the Act of August 9, 1876 (Laws 1876, c. 84), the jurisdiction of probate matters was restored to the county courts by the Constitution of 1876; the district courts having had jurisdiction of such matters under the Constitution of 1869. The statute under discussion is found in title 54 (Rev. St. 1925) under the head of "Estates of Decedents," the first article of which confers jurisdiction upon the county court to probate wills, grant letters testamentary or of administration, settle accounts of executors and administrators, and transact all business appertaining to the estates of deceased persons, including the settlement, partition, and distribution of such estates. Constitution, art. 5, § 16.

Construing article 3271, Revised Statutes of 1911, which was the statute in force under that number at the time the case was tried, the law being the same now under a different number, which provides that: "Before admitting a will to probate, it must be proved ·to the satisfaction of the court: 1. That the testator * * . * was of sound mind"—the Court of Civil·Appeals sustained the action of the district court in instructing the jury in the language of the statute. The writ of error in this case·was granted upon the grounds alleged in the application that the holding of the Court of Civil Appeals in this case on ·this subject is in conflict with that of another Court of Civil Appeals in. Bartels' Estate, ·164 S. W. 867, wherein this identical charge given in this case was condemned, thus creating the conflict in the decisions of the two Courts of Civil Appeals; the language used by Chief Justice Pleasants in the case of Bartels' Estate, supra, being:

"The requirement that, before a will can be admitted to probate, the court must be satisfied that the testator was of sound mind only affects the sufficiency of the testimony offered by the proponent when considered by itself, and does not change or modify the rule that a jury, in passing upon conflicting testimony, must decide according to the preponderance of the evidence"—citing Cantine v. Dennis (Tex. Civ. App.) 37 S. W. 187; Palm v. Chernowsky, 28 Tex. Civ. App. 405, 67 S. W. 166.

It is thus seen that there is a direct conflict in the holdings of these two courts on this particular subject, since the instruction given to the jury by the district court, which was approved by the Court of Civil Appeals, is as follows:

"Under the law, before a will can be admitted to probate, it must be proved to the

satisfaction of the jury that the testatrix was of sound mind at the time she executed the will; and the burden of proof to prove said issue is upon the proponent of the instrument sought to be probated."

To this instruction the plaintiff in error submitted the following objection:

"Proponent objects to the court's charge on the burden of proof and the issue as to whether testatrix was of sound mind, for the reason that the same imposes upon the proponent a greater burden than is warranted or required by law."

We think that the Supreme Court, in approving the holding of the Commission of Appeals, Section B, in an opinion written by Presiding Judge McClendon in Carl v. Settegast, 237 S. W. 238, has indicated how this conflict should be settled. In the case last mentioned, which was an action to ingraft a parol trust on a deed absolute in form, an instruction that plaintiff must establish the trust "clearly" and by a preponderance of the evidence, and the burden of proof was on her to show by a preponderance of the evidence and to establish "clearly and to the satisfaction of the jury" that the deed was given for some purpose other than that expressed on its face and by its language, was error. The proposition involved in that case to the effect that, in order to ingraft a parol trust upon a written instrument, it must be proved with clearness and certainty, was announced by the Supreme Court at a very early day, and has been reiterated in several cases. Neill v. Keese, 5 Tex. 30, 51 Am. Dec. 746; Mead v. Randolph, 8 Tex. 191; Cuney v. Dupree, 21 Tex. 211; Grooms v. Rust, 27 Tex. 231; Moreland v. Barnhart, 44 Tex. 275; Dean v. Lyons, 47 Tex. 18; Association v. Brewster, 51 Tex. 257.

In Howard v. Zimpelman, 14 S. W. 59, Judge Gaines, speaking for the Supreme Court, uses this language:

"The propriety, however, of instructing the jury that the trust must be proved with clearness and certainty has never been distinctly recognized, except in the case of Markham v. Carothers, supra. In that case, however, it was held that it was error to charge that the truth must be proved beyond a reasonable doubt, rather, however, because it was misleading than that it was incorrect as a proposition of law. In Neyland v. Bendy, 69 Tex. 713, 7 S. W. Rep. 497, it was held that a charge that the clearest and most positive proof was necessary was improper. In Prather v. Wilkens, 68 Tex. 187, 4 S. W. Rep. 252, it was decided that a charge that more than a preponderance of evidence was erroneous, but the question then was whether a certain instrument was intended as a conditional sale or a mortgage."

Presiding Judge McClendon, in Carl v. Settegast, treats the question in the following way:

"The leading inquiry presented for our consideration is whether it was error to charge the jury, in effect, that to overcome the presumption that the deed of settlement was not absolute, as upon its face it appeared to be, but was affected with a parol secret trust in favor of plaintiff, the latter must establish such trust clearly and to the satisfaction of the jury. The character of charge to be given to the jury in a case of this character has been considered by the Supreme Court in a number of cases extending back to the earliest times; and it may be regarded as singular that the question now before us should, at this time, present any serious ground of controversy. The rule that to ingraft a parol trust upon an instrument absolute on its face the evidence must be clear and satisfactory arose at a time when suits of this nature were cognizable only in courts of chancery, where all matters of fact, as well as the law, were tried by the chancellor, and where questions of facts addressed themselves to the conscience of the chancellor. The aid of a jury in such cases was discretionary, and their findings, when called for such aid, were not binding absolutely upon the chancellor, but merely persuasive and advisory, and subject to be disregarded at his discretion. In so far as the rules of evidence thus announced by the chancery courts are rules of law, they should be regarded as binding upon our courts; but, in so far as these rules merely address themselves to the conscience of the chancellor in exercising his province to pass upon the facts or weight of the evidence, they have no place in our jurisprudence, under which, whether the case be one cognizable alone in equity or one at law, a jury trial is given as a matter of right, and the province of the jury where the evidence is sufficient to have the issues submitted to them is absolute in determining the facts, subject only to review by the trial court and Court of Civil Appeals. In passing upon the sufficiency of the evidence as a matter of law it is the province, not only of the trial court and Court of Civil Appeals, but also of the Supreme Court, to determine whether the evidence meets the requirements under the rules of law as to the quantum of proof necessary in the particular character of case. It has been ruled that the evidence establishing a secret parol trust must be clear and satisfactory, and it may be conceded that this is a rule or standard by which the evidence is to be measured as a matter of law"—citing Briscoe v. Bright (Tex. Com. App.) 231 S. W. 1082; Baylor v. Hopf, 81 Tex. 637, 17 S. W. 230; Mitchell v. Mitchell, 80 Tex. 101, 15 S. W. 705; Wallace v. Berry, 83 Tex. 328, 18 S. W. 595.

[2] Article 4632 of the Revised Statutes of 1925 provides that a decree of divorce shall be rendered only upon full and satisfactory evidence of the existence of the material facts alleged in the petition. We think this particular article is a direction to the court and does not establish a rule to guide the jurors as to the burden of proof. The provision of the probate law to the effect that certain facts must be established to the satisfaction of the court before an instrument can be admitted to probate as a last will should be construed to mean that, before a court will be authorized to probate a will, proof of the

affirmative of the several issues named in the statute must be tendered, and the evidence must be of such character as to satisfy the court of its probative value and force. Language of similar import in article 4632, supra, has been construed by the Supreme Court a number of times to be a direction to the court, and not establishing a different rule to guide jurors as to the burden of proof.

In Moore v. Moore, 22 Tex. 237, Justice Wheeler, in discussing the language of this statute last mentioned, says:

"There must be the 'full and satisfactory evidence,' and 'the verdict of a jury'; both must concur, before the court can lawfully proceed to decree a divorce. It is to the mind of the court, of course, that the statute intends that the evidence shall be 'full and satisfactory.' Unless it be so, it is the duty of the court to set aside the verdict, and refuse a decree."

See McCrary v. McCrary (Tex. Civ. App.) 230 S. W. 187; Haygood v. Haygood, 25 Tex. 577; Spear, Law of Marital Rights, §§ 540 and 547; 9 R. C. L. p. 328; 14 Cyc. p. 687.

Defendants in error among other authorities cite the case of Brackenridge v. Roberts, 114 Tex. 418, 270 S. W. 1001, which is also cited in the opinion of the Court of Civil Appeals, wherein Justice Pierson in overruling a motion for rehearing, uses this language:

"In offering the 1913 will for probate, it was incumbent upon proponents, plaintiffs in error here, to prove that it had not been revoked. It is provided in article 3271, subd. 5: 'Before admitting a will to probate, it must be proved to the satisfaction of the court * * * that such will has not been revoked by the testator.'"

But the question under discussion here was not the question involved in that cause, and was not the question to which Justice Pierson was addressing himself in the use of this language. He was speaking of the law applicable to a given state of facts admittedly true as is related to the question of law under discussion, and he could not have had any reference to the question here under discussion, as a reading of that opinion will clearly demonstrate.

[3, 4] We therefore sustain the first assignment of error. The other assignments of error are overruled. They merely relate to incidents and matters of evidence. Questions involved in this character of cases are necessarily more or less provable by circumstances, and subject to the discretion of the trial court in admitting testimony. Jurors are entitled to pass upon the weight and value of any circumstances having any probative force.

Because we think the Court of Civil Appeals erred in failing and refusing to sustain the contention of plaintiffs in error as heretofore outlined and stated in their first assignment of error, we recommend that the judgments of the Court of Civil Appeals and of the district court be reversed, and the cause remanded for further proceedings not inconsistent with this opinion.

CURETON, C. J. Judgments of the district court and Court of Civil Appeals both reversed, and cause remanded to the district court, as recommended by the Commission of Appeals.

We approve the holding of the Commission of Appeals on the questions discussed in its opinion.