### F. M. GRAVES ET AL. v. CAMERON, CASTLES & STOREY.

#### No. 6627.

1. **Judgment—Affirmance with Damages.**—A recitation in the final judgment rendered in a suit brought on a promissory note that it appeared to the court "that the cause of action is liquidated and proven by an instrument in writing" raises the presumption on appeal, in the absence of a statement of facts or conclusions found by the

court, that the cause of action was liquidated and proved by an instrument in writing. No other cause for reversal existing, the judgment was affirmed with damages.

2. **Pleading—Judgment.**—The withdrawal of defendant's answer is equivalent to a judgment *nihil dicit*, and carries with it more strongly the admission of the justness of the plaintiff's cause of action than a judgment by default. If the suit be on a promissory note described in the petition, the clerk, on the withdrawal of the answer, may compute the amount due.

ERROR from Hamilton. Tried below before Hon. T. L. Nugent. The opinion states the case.

*J. A. Eidson,* for plaintiffs in error.—Plaintiffs in error having filed a plea of general denial, defendants in error were required by the law to produce the note upon which they had declared in their petition in order to entitle them to a judgment. Rev. Stats., arts. 1284, 2262; Long & Berry v. Garnett, 59 Texas, 229; Bedwell v. Thompson, 25 Texas Supp., 245; Robinson v. Brinson, 20 Texas, 440; Kinnard v. Herlock, 20 Texas, 48.

*Alexander, Winter & Dickinson,* for defendants in error.—The fact that defendants filed a general denial demanded no proof upon the part of plaintiffs, because defendants were present in court and withdrew their answer and said nothing in bar of plaintiffs' suit, and this was a waiver of all errors. Cartwright v. Roff, 1 Texas, 78; Wheeler v. Pope, 5 Texas, 262; Prewitt v. Perry, 6 Texas, 260; Grier v. Powell, 14 Texas, 321; Storey v. Nichols, 22 Texas, 89; Garner v. Burleson, 26 Texas, 348.

ACKER, PRESIDING JUDGE.—This case was submitted on brief for plaintiffs in error and suggestion of delay by defendants in error. Upon inspection of the record we are of opinion that it sustains the suggestion of delay, and we proceed to dispose of the case on the merits.

Cameron, Castles & Storey brought this suit against plaintiffs in error on a promissory note for $661.07, set out in the petition and made a part of it. The defendants answered by general demurrer and general denial. Judgment was rendered reciting that plaintiffs and defendants appeared by attorney, "and the jury being waived the plaintiffs announced ready for trial, and thereupon the defendants withdrew the answer by them heretofore filed in this cause and say nothing in bar of plaintiffs' action; wherefore it is considered that plaintiffs ought to recover their damages by occasion of the premises; and it appearing to the court that the cause of action is liquidated and proved by an instrument of writing, it is ordered that the clerk do assess the damages," etc.; and on the assessment of damages by the clerk the judgment was entered for the amount due on the note sued on according to its tenor and effect, viz., $833.16. The record contains no statement of facts or conclusions by the court.

The only assignment of error presented is: "The court erred in ren-

·dering judgment for plaintiffs as on a cause of action liquidated and proven by a written instrument, when no such instrument was produced in court on the trial of this cause nor filed among the papers of this cause."

The cause of action was described in the petition as a promissory note in writing, which was set out in the petition and made a part of it. It is stated in the judgment that "it appearing to the court that the cause of action is liquidated and proved by an instrument in writing." We understand the court to mean by the expression "it appearing to the court" that it was proved or made evident. As against the mere declaration made in the assignment of error we must presume that the fact that the cause of action was liquidated and proved by an instrument in writing was proved or made to appear by legal evidence.

If there could be any doubt, however, of the correctness of the conclusion just announced, the judgment must nevertheless be affirmed, for "the withdrawal of the defendant's answer amounts to a judgment *nihil dicit,* which is regarded as a species of judgment by confession, and carries with it more strongly the admission of the justice of the plaintiff's cause of action (and will operate as a waiver of more errors) than a judgment by default. A judgment *nihil dicit* amounts to a confession of the 'cause of action stated, or attempted to be stated, in the petition,' if the amount claimed can be ascertained by the proceedings had on a judgment by default—that is, a writ of inquiry on an unliquidated demand, or by the clerk upon a liquidated demand, evidenced by a written instrument filed as part of the petition or sufficiently described to enable the clerk to make the computation of the amount due." Gilder v. McIntyre, 29 Texas, 91.

So it is clear that the withdrawal of the answer was a confession of the cause of action as stated in the petition, and no proof of it was therefore necessary.

We are of opinion that the judgment of the court below should be affirmed with damages of 10 per cent on the amount thereof.

*Affirmed.*

Adopted May 13, 1890.