## MILLER v. MILLER.    (No. 7583.)

(Court of Civil Appeals of ·Texas. San Antonio.   May 19, 1926.   Rehearing Denied June 9, 1926.)

**1. Husband and wife ⬅⟶254.**

If property is purchased by husband with community funds and deed taken in name of another to defraud wife, property becomes community estate of husband and wife.

**2. Trusts ⬅⟶72—Taking of property purchased with community funds of husband and wife in name of another results in trust in favor of husband and wife.**

If purchase money for property comes from community fund created by joint efforts of husband and wife, taking of deed in name of another does not make him owner, but results in trust in favor of husband and wife.

**3. Trespass to try title ⬅⟶35(1)—In trespass to try title, under plea of not guilty and answer setting up resulting trust, defendant could establish trust by parol and urge equitable title.**

In trespass to try title, defendant, under plea of not guilty and answer setting up trust in that property was purchased with community funds of defendant and her husband and taken in name of plaintiff to defraud defendant, could establish alleged trust by parol and urge equitable title.

**4. Husband and wife ⬅⟶270(9).**

In trespass to try title, whether property was purchased by defendant's husband with community funds and deed taken in name of plaintiff to defraud defendant held for jury.

**5. Appeal and error ⬅⟶499(3).**

Exclusion of evidence is not properly presented to appellate court where bill of exceptions does not set out ground of objection to testimony.

**6. Trespass to try title ⬅⟶39(1)—Evidence as to husband's reason for taking property, purchased with community funds, in plaintiff's name, and plaintiff's knowledge that it was purchased as homestead, held admissible in trespass to try title against wife.**

Where defendant in trespass to try title alleged that property was purchased by her husband with community funds and deed was taken in plaintiff's name, evidence as to reason given by husband for taking deed in plaintiff's name, and as to plaintiff's knowledge that property was purchased to form a homestead, held admissible.

Appeal from District Court, Nueces County; W. B. Hopkins, Judge.

Action of trespass to try title by W. M. Miller against Etta Belle Miller. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

E. P. Scott, of Corpus Christi, for appellant.

E. B. Ward, of Corpus Christi, for appellee.

FLY, C. J.  Appellee brought this action of trespass to try title to lots 10, 11, and 12 in block 8, in Chamberlain & Ropes 'Bay Terrace addition to the city of Corpus Christi, against appellant.  A jury was demanded, but after hearing the evidence the court instructed a verdict in favor of appellee for the title and possession of the property sued for, and for rents at the rate of $12.50 per month from December 11, 1919, amounting to $883.

Appellant pleaded not guilty, and also that appellant was formerly the wife of Fred Miller, but was divorced from him on December 2, 1918; that for a long time before the divorce was granted appellant and her husband "had gotten along badly, and that Fred Miller conceived a scheme to defraud this defendant out of her community rights and community property; and she says that said Fred Miller purchased the land herein sued for from I. W. Cook, and Fred Miller took title to said land in the name of his brother, W. M., in order that he might defraud this defendant out of her community rights. She further says that said land was purchased by Fred Miller, and the cash purchase price paid on said land was paid out of the community funds of herself and Fred Miller, which community funds were derived from the profits and proceeds of a restaurant run by herself and Fred Miller." It was further answered that no part of the purchase money of the land was ever paid by appellee, and that he "is now seeking to take advantage of the fraud perpetrated on her by her own husband, Fred Miller, and is now trying to deprive her of her property."

I. W. Cook made a conveyance to the land in controversy to William M. Miller on January 4, 1913, and the deed was filed for record in Nueces county on March 5, 1913. A vendor's lien was retained to secure ·the' deferred payments.  The recited consideration was $1,250, of which $100 was in cash and the balance payable monthly up to November 1, 1917; the first monthly payment being $20, and each thereafter being $10 until the entire sum was paid.  Appellee is a brother of Fred Miller, the former living

part of the time in Dresden, Ohio, and part of the time in Miami, Fla. The property was bought by Fred Miller and the deed made to W. M. Miller. The latter never saw the land until after the divorce between appellant and Fred Miller. He swore that he furnished the money to purchase the land.

Stone, cashier of Texas State Bank, swore that Fred Miller paid the installments on the purchase money by checks on his bank account.

Mrs. Hinnant, daughter of Fred Miller and appellant, swore that her parents were engaged in the restaurant business, and lived in a house on the land in dispute, and that her father one year borrowed money from her and her husband to pay the taxes.

Appellant swore that the money deposited by Fred Miller in the Texas State Bank was realized from the restaurant run by her and her husband. She swore that she had deposited money from the restaurant in Fred Miller's name in the said bank. She worked as a cook and waitress in the restaurant to make money to pay on the property. Appellee did not pay the taxes, but Fred paid them. Mrs Hinnant swore that appellee told her "that he had nothing to do with the bringing of the suit—that it was my father's affair."

[1, 2] If, as alleged by appellant, the lots were bought by Fred Miller and paid for out of the community funds of appellant and her husband, and the deed was taken in the name of appellee to defraud her, the property became the community estate of appellant and Fred Miller. If appellee did not pay for the land, but the purchase money came from a community fund created by the joint efforts of the husband and wife, the taking of the deed in the name of appellee did not make him the owner of the property, but resulted in a trust in favor of those who paid the purchase money. Smith v. Strahan, 16 Tex. 314, 67 Am. Dec. 622; Higgins v. Johnson, 20 Tex. 389, 70 Am. Dec. 394; McKamey v. Thorp, 61 Tex. 648; Burns v. Ross, 71 Tex. 516, 9 S. W. 468; Watson v. Harris, 61 Tex. Civ. App. 263, 130 S. W. 237; Railway v. West (Tex. Civ. App.) 155 S. W. 341; Robson v. Moore (Tex. Civ. App.) 166 S. W. 908.

[3] Under the plea of not guilty and the answer setting up a trust appellant could establish the trust by parol and the equitable title could be urged against the action of trespass to try title. Robson v. Moore, cited; Watson v. Harris, cited; Kempner v. Rosenthal, 81 Tex. 12, 16 S. W. 339; Baylor v. Hopf, 81 Tex. 637, 17 S. W. 230.

[4] The facts were sufficient to raise a question for the jury, and the case should not have been taken from the jury by the court. If appellant's money or the community money paid for the lots they became the property of appellant or. the community,

and the question was one of fact to be determined by a jury.

[5] The testimony of Mrs. Hinnant as to what her father told her mother about the lots was pertinent and should have been admitted. However, this question has not been properly presented to this court, because in the bill of exceptions the ground of objection to the testimony is not set out, but in view of a reversal we deem it proper to pass upon the question.

[6] The newly discovered evidence by W. B. Baker as to the reason given by Fred Miller as to why he had taken the deed to the lots in the name of W. M. Miller and as to his knowledge of the fact that the lots were purchased by Fred Miller to form a homestead for himself and family entitled appellant to a new trial. The evidence was permissible under the circumstances of this case.

The judgment is reversed and the cause remanded.