MORE et al. v. MORE et al. (No. 7992.)

Court of Civil Appeals of Texas. San Antonio. May 9, 1928.

Rehearing Denied June 27, 1928.

1. Deeds ⊚⇒208(1)—Trusts ⊚⇒44(3)—Instruction, requiring fact of nondelivery of deed or delivery with intention to vest title in grantee as trustee to be established with clearness and certainty, held to place too great burden on parties alleging such fact.

Where deed in controversy was alleged not to have been delivered during life of grantor or, if delivered, to have vested title in grantee as trustee, held that instruction requiring fact of nondelivery or delivery with intention to vest title in grantee as trustee to be established with clearness and certainty placed too great a burden upon parties alleging such fact.

2. Deeds ⊚⇒56(4)—Purpose and effect of deed retained by grantor during lifetime are to be ascertained from intention of grantor and her subsequent attitude.

Where deed was never delivered during life of grantor, and purpose of grantor in executing it is obscure and conjectural, the purpose of the deed and the effect to be given it are to be ascertained, not alone from intention of grantor at time she executed deed, but also from subsequent attitude and intention as disclosed during her lifetime and at her death.

3. Deeds ⊚⇒56(2, 3)—Deed to be effective must be delivered with intention that title shall pass with delivery, but actual, manual delivery by grantor is not essential.

In order to be effective as a conveyance, it must appear that deed was delivered to grantee with intention on part of grantor that title should pass to grantee with such delivery, but actual, manual delivery of deed into hands of grantee by grantor in person is not essential to pass title.

4. Deeds ⊚⇒56(4)—Where grantor retained deed, intention to deliver it to grantee must be shown to pass title.

Where there was no delivery of deed by grantor to grantee during grantor's lifetime, it is necessary in order to pass title to show that deed was duly executed by grantor, and that it was purpose and intention of grantor to himself deliver instrument to grantee or to have it delivered by others to grantee.

5. Deeds ⊚⇒66—Under claim that deed was never delivered or, if delivered, title vested in grantee as trustee, issue of intention to deliver should have been submitted to jury.

Where it was claimed that deed in controversy was never delivered during life of grantor or, if delivered, title vested in grantee in trust for others, and purpose of grantor in executing instrument is obscure and conjectural as is also her intention with reference to delivery of deed, held that question of delivery and intention to deliver should have been submitted to jury.

6. Evidence ⊚⇒208(6); 263(4)—Abandoned pleading held admissible, but party may show he did not sign it or was ignorant of its contents.

Abandoned pleading of one of parties was admissible, but if party did not sign pleading, know of its contents, or inspire allegations in it, such facts can be shown to destroy its force.

7. Appeal and error ⊚⇒1051(2)—Admission of letter held harmless, where facts stated therein were in evidence and undisputed.

In suit between heirs involving dispute as to ownership of land, admission in evidence of letter, written by one of heirs to another, stating that writer had been appointed administratrix of the estate of deceased and that latter had left will in which she devised her interest in disputed land to certain minors, held not injurious, where such facts were in evidence and undisputed.

8. Evidence ⊚⇒222(3)—In dispute over ownership of land, previous acts and declarations of persons disclaiming interest held inadmissible.

In action between heirs involving dispute as to ownership of lands, previous acts, declarations, and pleadings of certain heirs, who had disclaimed any interest in property in dispute,

------

⊚⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

relating to title to property or their interest therein, were inadmissible.

Appeal from District Court, Cameron County; A. M. Kent, Judge.

Proceedings between Mary More and another and Lena Gay More and others. From the judgment, Mary More and another appeal. Reversed and remanded.

H. L. Yates, John I. Kleiber, and E. T. Yates, all of Brownsville, for appellants.

R. B. Creager, R. E. Green, and Graham & Graham, all of Brownsville, for appellees.

SMITH, J. George More and Mary Holland were married in 1851. Both are long since deceased. They had seven children, two daughters, Mary and Maggie, and five sons, George, 2d, William, Alex, Frank, and Charles. The three last mentioned died intestate and without issue. Mary More never married, and is still living. Maggie More died intestate, being survived only by a daughter, Maggie Wallis. William More died intestate, leaving an only son, George Q. More. George More, 2d, died intestate, leaving a son, who, dying testate, was survived by his wife, Lena Gay More, to whom he devised his estate, and by three minor daughters, and by his mother, who subsequently died testate, devising the property involved in this suit to the three minor children mentioned. These several persons, Mary More, Maggie Wallis, George Q. More, and Lena Gay More and her three minor daughters, are the heirs at law of George and Mary More, deceased.

George More died in 1872, and at the time of his death was possessed of a certain house and lot in the city of Brownsville, which he devised to his wife, Mary Holland More. On September 5, 1895, the latter executed a deed conveying said property to her son, George, 2d; on September 14, 1895, she acknowledged said deed. It is claimed that she retained possession of this deed, however, and that at her death on March 26, 1904, it was found in a box containing her will and other private papers. The grantee in the deed, George More, died on December 12, 1908, and a few days later, December 31, the deed was filed for record.

If said deed was effective to convey the title to said property, then said title is now in appellees Lena Gay More and her minor daughters, unless it was intended by the grantor to place the title in the named grantee in trust for the heirs of the grantor; if said deed is ineffectual, then said property is distributable, in appropriate shares under the law of descent and distribution, to said appellees and to appellants, Mary More and George Q. More; Maggie More Wallis and her husband having disclaimed in this suit.

It is the contention of appellants that the deed in controversy was never delivered to the grantee for the purpose or with the intention of conveying absolute title to the said grantee; that if it was delivered it was only for the purpose and with the intention of vesting title in the grantee in trust for the heirs of Mary Holland More. This contention is grounded upon the claim that the grantor executed the deed at one time, acknowledged it at another time and never delivered it to the grantee, but retained it in her possession during the remaining nine years of her life, while those then getting possession of it withheld it from record until four years after the grantor's death when it was placed of record without the knowledge of those asserting an adverse interest in the estate. In submitting these issues of intention and delivery the trial court charged the jury that—

"All written instruments executed by a person are presumed to have been executed for a valuable consideration and to express the purpose of the grantor, and that the recording of the deed from Mary H. More to George More of date September 5, 1895, creates a legal presumption that George More paid a valuable consideration for the execution of said deed and that he became the owner of the property thereunder; and while testimony under the pleadings in this cause is admissible to show either that the deed was never intended to be delivered, or that if it was delivered, it was intended to vest the legal title in George More, in trust, for the heirs of said Mary H. More. In order for said testimony to overturn the legal presumption above mentioned, the fact that said instrument was not intended to be delivered, or that if delivered it was intended to vest title in George More for the benefit of the heirs of Mary H. More, must be established with clearness and certainty."

[1] Appellants object to the instruction that the facts required in the charge "must be established with clearness and certainty." It is contended that by this instruction too great a burden was placed upon appellants in their efforts to show nondelivery of the deed, and to show that the purpose of the deed, even if delivered, was to place the title in the named grantee in trust for others. We conclude that the authorities sustain appellants' first proposition, in which this question is raised. Howard v. Zimpelman (Tex. Sup.) 14 S. W. 59; Baylor v. Hopf, 81 Tex. 637, 17 S. W. 230; Carl v. Settegast (Tex. Com. App.) 237 S. W. 238.

[2-5] As has been shown, it was claimed that the deed in controversy was never delivered during the life of the grantor, and the purpose of the grantor in executing the instrument is obscure and conjectural, as is also her intention with reference to delivery of the instrument. These matters were purely for the jury to determine from the evidence. The purpose of the instrument, the effect to be given it, are to be ascertained, not alone from the intention of the grantor at the time she executed the instrument, but must as well be gathered from her subse-

quent attitude and intention as disclosed during her lifetime and at her death. In order to be effective as a conveyance, it must appear that the deed was delivered to the grantee with the intention on the part of the grantor that the title should pass to the grantee with such delivery; and that very issue should have been submitted to the jury. The court submitted this phase of the case in the single issue:

"Was it the intention of Mary Holland More, in executing the deed of September 5, 1895, introduced in evidence before you, and in which conveyance is made to George More, to vest the title in George More, as his property?"

Actual manual delivery of the deed into the hands of the grantee by the grantor in person was not essential to pass title. Brown v. Brown, 61 Tex. 60; Henry v. Phillips, 105 Tex. 459, 151 S. W. 533. But where, as in this case, there was no such delivery, it is necessary, in order to pass title, to show that the deed was duly executed by the grantor, and that it was the purpose and intention of the grantor to himself deliver the instrument to the grantee or to have it delivered by others to the grantee, for the purpose of passing title to the grantee. Henry v. Phillips, supra. This question of intention to deliver, and to deliver for that purpose, should have been encompassed within the issue submitted to the jury. Appellant requested the trial court to submit the issue of intention to deliver, but the court refused, giving in lieu thereof the issue quoted above. We think this was error.

It is contended by appellants that the trial court erred in admitting certain testimony claimed by appellants to be in contravention of the statutory rule prohibiting interested persons from testifying with reference to transactions with persons since deceased. Article 3716, R. S. 1025. Appellees contend that this testimony did not come under the condemnation of the statute, and that if it is subject to that objection it was nevertheless admissible in this instance under an agreement made by appellants. It is not necessary to determine the latter question, but we are inclined to hold that the testimony was of the character prohibited by the statute.

Appellants complain of the admission of certain tax receipts put in evidence over their objection by appellees. If the admission of this evidence was error, it was harmless error and would not warrant a reversal. We think the testimony of Raphael Flores, complained of by appellants in their fourth and fifth assignments of error, was admissible for the purpose of impeaching Maggie Wallis; but it should be limited to that purpose if offered upon another trial. But we think the testimony complained of in appellants' assignments of error 6, 7, 8, 9, 12, and 23, was subject to the objections urged by appellants on appeal.

[6] The trial court admitted in evidence an abandoned pleading of appellants, over the latter's objection. This ruling is complained of in appellants' twenty-first assignment of error, which will be overruled. We conclude that this pleading was admissible, appellants' objections going to the weight of the evidence, rather than its admissibility. If appellants did not sign the pleading, or know of its contents, or inspire the allegations in it, they can show those facts and destroy its force. We also overrule appellants' twenty-second assignment of error, for if the testimony therein complained of was error, it was harmless.

[7, 8] The court admitted a letter written by Lena Gay More to Maggie Wallis and her husband, in which she demanded that the Wallises vacate the premises in dispute, and in which she stated that she had been appointed administratrix of the estate of Elizabeth H. More, that the latter had by her will devised her interest in the property in dispute to the minor appellees, and that the writer knew "it was the desire of Mrs. Elizabeth H. More that Miss Mary More be permitted to peaceably occupy said property so long as she might desire or so long as she lives." Appellants objected to the admission of this letter upon the ground that it was prohibited by the provisions of article 3716 relating to testimony concerning transactions with testators, etc., as well as upon other grounds. It was in evidence, and undisputed, that Lena Gay More had been appointed administratrix of the estate of Elizabeth H. More, and that the latter had left a will in which she devised her interest in said property to said minors, and for that reason it may be said that the statement of those facts in the letter could not injure appellants. Nevertheless, it is obvious that the letter was inadmissible for any purpose, unless as a demand for surrender of the premises, for which purpose only that part of the letter making the demand should be admitted, if appropriate objections are interposed. We can see nothing in the reply of Maggie Wallis to said letter to make that reply relevant or material. It may be that it was admissible in part for the purpose of impeachment, as appellee contends, but that must depend upon the state of the record upon another trial. Inasmuch as the Wallises disclaimed any interest in the property in dispute, their previous acts, declarations, and pleadings relating to the title to the property, or their interest therein, have no proper place in the case, and should be excluded upon appropriate objections from any party whose rights may be prejudiced thereby. We are of the opinion that under the circumstances of this case appellants cannot support their claim of title by limitation except by showing adverse possession with notice to appellees of hostile claim, and accordingly overrule appellants' assignments of error relating to

this subject. We overrule appellants' eleventh assignment of error upon the ground that the testimony therein objected to is not set out in the brief in connection with the assignment, as required by the rules.

For the reasons indicated in the opinion, the judgment is reversed and the cause remanded for another trial.

### On Motion for Rehearing.

In their motion for rehearing appellees complain that the court has found certain facts which, under the holdings in the original opinion, are to be passed upon in the trial court. We have revised the language of the original opinion to meet these objections.

Appellees also complain that this court sustained certain of appellants' assignments of error which are improperly formed or presented. It is perhaps true that some of these objections are well taken, and that if reversal depended upon those assignments they would have to be disregarded by this court. But, as it was decided that the judgment must be reversed regardless of those particular assignments, it was deemed proper to discuss and dispose of those matters, even though ineffectually presented. The same may be said of certain testimony objected to on appeal, the admission of which may not have constituted reversible error because like testimony was admitted from other witnesses without objection.

Appellees' motion for rehearing will be overruled.