## BARRETT v. CALLOWAY et ux.
### No. 1422.

Court of Civil Appeals of Texas. Waco.
Nov. 23, 1933.

Rehearing Denied Jan. 4, 1934.

W. R. Petty, of Palestine, for appellant.
Clay Cotten, of Palestine, for appellees.

GALLAGHER, Chief Justice.

Appellant, W. E. Barrett, instituted this suit in the district court against appellees, A. F. Calloway and wife, Sallie Calloway, to recover title to and possession of three certain lots of land in the city of Palestine. Appellant claimed title to said property as devisee under the will of Mrs. Tennie C. Calloway, who was the surviving wife of John R. Calloway and sole devisee under his will. Appellees claimed title to said property under an alleged parol gift from said J. R. and Tennie C. Calloway. Said gift was alleged to have been made on or about January 1, 1919. Appellees further alleged that they took immediate possession of said property and made valuable improvements thereon, and that they had claimed said property and occupied the same as a place of residence continuously since said time. Appellees also claimed title under the ten years' statute of limitation.

The case was tried by the court without a jury and judgment rendered that appellant take nothing by his suit and that appellees recover on their cross-action judgment against him for the title and possession of said property.

### Opinion.

Appellant presents various assignments, in all of which he attacks the sufficiency of the evidence to sustain the judgment.

Appellant's first contention thereunder is that, if appellee A. F. Calloway ever acquired any title to the lots in controversy in this suit, he thereafter conveyed the same to Mrs. Tennie C. Calloway, under whom appellant claimed. The testimony shows, or tends to show, that John R. and Tennie C. Calloway had no children, and that they owned, probably as community property, a considerable estate in lands. John R. Calloway died February 3, 1919. He left a will in which he devised his entire estate to his wife, Tennie C. Calloway. Pending a probate of such will, A. F. Calloway and other heirs of John R. Calloway, deceased, for a recited consideration of cash paid or lands conveyed to each of them, released and quitclaimed to Mrs. Tennie C. Calloway all their right, title, and interest, if any, in and to the estate of John R. Calloway, deceased. Thereafter on April 8, 1919, said will was admitted to probate as a muniment of title. No administration on said estate was granted and no formal inventory of the same returned and filed. Appellees introduced testimony tending to show that on or about January 1, 1919, John R. Calloway and his wife, Tennie C. Calloway, made a parol gift to them of the land in controversy herein; that they took immediate possession thereof, made permanent and valuable improve-

ments thereon, and on or about January 29, 1919, moved onto the same, claiming title thereto by virtue of such facts. If appellees, by virtue thereof, became invested with the title to said property, the donors, John R. Calloway and wife, were simultaneously divested of such title, and in such event the property no longer constituted any part of the estate of John R. Calloway and was not within the description of the property conveyed by said deed.

Appellant further contends under said assignments that the testimony is insufficient to sustain, in support of the judgment, an implied finding that John R. Calloway and wife, Mrs. T. C. Calloway, made a parol gift of the property in controversy to appellees, and that they entered into possession thereof and made valuable improvements thereon before the death of said John R. Calloway. Said property consisted of three contiguous lots, with the improvements thereon, situated on Giraud street in the city of Palestine. It was conveyed by Sam P. Holmes and wife to Mrs. Tennie C. Calloway on the 18th day of July, 1906. Thereafter, until on or about January 1, 1919, it was rental property and occupied from time to time by tenants. John R. Calloway and wife lived in the country. They were both advanced in years and he especially was in feeble health. Appellee A. F. Calloway, called Alex by the witnesses, was a nephew of John R. Calloway, and the former had special regard and affection for him. Alex, some time during the year 1918, purchased a piece of property on Debard street in said city and was preparing to occupy the same as a home. Appellees introduced testimony that shortly after such purchase John R. Calloway and his wife gave to Alex and his wife, Sallie, the property in controversy in this cause, and declared their purpose in doing so was to provide Alex and his wife with a home, where they could come and stay when said John R. Calloway required medical treatment. They introduced further testimony that such declarations were repeated frequently by both the donors during the lifetime of John R. Calloway, and by Mrs. Calloway after his death, and that she continued to make such declarations from time to time until her death in March, 1923. There was also introduced in evidence, without objection, testimony that, in a contest over the probate of the will of Mrs. Tennie C. Calloway, Alex testified affirmatively that John R. Calloway and wife told him that they would give him that place (referring to the property in controversy) if he would move over there so that they could have a home there with him the rest of their lives; that he moved over there, and that John R. Calloway died there standing up in his arms. After such purported gift Alex sold the place on Debard street and repaired and improved the house and premises in controversy herein. Such repairs and improvements consisted of recanvasing and repapering the entire house, replacing the kitchen floor, repairing both front and back galleries, rebuilding the garage, erecting a new henhouse, a new fence around the place, and setting out a number of fruit trees. There was testimony that the estimated value of such repairs and improvements was approximately $400, and that the value of the place after they were made was approximately $1,-200. The greater part, if not all, of such repairs and improvements were made prior to January 29, 1919. Alex, with his family, on that day moved onto said property. John R. Calloway and wife came to his home there on February 2, 1919, and the former died there the next day. Appellees resided on said property continuously thereafter, and, except as hereinafter recited, their right thereto was never challenged until March 18, 1931, when this suit was filed. There was testimony that during all that time they claimed said property openly and notoriously as their own.

Appellant introduced testimony tending to show that appellees paid rent on said place during practically the whole of 1921, and possibly immediately before or immediately after that time. We have carefully considered such testimony, and are of the opinion that it is not of that certain and conclusive character which, even absent direct or circumstantial contradiction, would establish such payment as a matter of law. Appellee Mrs. Sallie Calloway testified specifically that no rent was ever paid. Appellees also introduced testimony that Alex came to Mrs. Tennie C. Calloway and told her that her agent had demanded that he pay rent, and that she again repeated that she and her deceased husband had given that place to him and told him that nobody had a right to require him to pay rent. Appellant also introduced testimony tending to show that a policy of insurance on said house was issued by a local agency as the property of Mrs. T. C. Calloway, occupied by a tenant, for a three-year period beginning March 15, 1919, and for another three-year period beginning March 15, 1922. The testimony shows in that connection that said house had been occupied from time to time by tenants from the time it was purchased until the purported gift of the same to appellees; that during all that time renewal policies were issued by the agent without specific instructions to do so, and that the two policies above referred to were issued in the same manner. There was no attempt to show that Mrs. Tennie C. Calloway personally ordered the issuance of said policies, nor that she knew of their existence. Neither was there any testimony that any agent or representative of hers had his attention directed to these policies or the contents thereof. Nothing was shown in that connection except that the premiums were

paid by somebody acting for Mrs. Calloway. Appellant also introduced testimony that said property remained on the tax rolls in the name of Mrs. T. C. Calloway until after her death. No rendition of said property either by her or by any one for her was shown. There was testimony that she had considerable property, and apparently this item was included with other items of her property for said years. Appellees rendered said property for taxation in 1928 and continuously thereafter and paid the taxes assessed thereon. Appellant rendered it for the first time in the year 1931. There was testimony tending to show that Mrs. Tennie C. Calloway was in feeble health and resided in the country and was unable to give personal attention to the transaction of her business.

■■ Appellant, by his propositions of law submitted in this connection, contends that, in order to sustain a judgment for the title to land based on a parol gift, the testimony concerning the same must be clear and satisfactory. Such contention is sustained by the authorities cited. Martin v. Martin (Tex. Civ. App.) 207 S. W. 188, 192, par. 2; Snover v. Jones (Tex. Civ. App.) 172 S. W. 1122, 1123, par. 1, and cases there cited. The testimony is clear and satisfactory within the rule so announced when it is such as would carry conviction to an unbiased and unprejudiced mind. Massie v. Hutcheson (Tex. Civ. App.) 296 S. W. 939, 942, par. 5 (writ refused); Neyland v. Bendy, 69 Tex. 711, 713, 7 S. W. 497. Whether the testimony submitted meets such requirement in a particular case is a question of fact for the court or jury, to be decided on the preponderance thereof. Massie v. Hutcheson, supra, page 942, par. 6 of 296 S. W.; Stubblefield v. Stubblefield (Tex. Civ. App.) 45 S. W. 965, 967, top second column (writ refused); Baylor v. Hopf, 81 Tex. 637, 641, 17 S. W. 230; Howard v. Zimpelman (Tex. Sup.) 14 S. W. 59, 61, second column: Carl v. Settegast (Tex. Com. App.) 237 S. W. 238, 239, par. 1; More v. More (Tex. Civ. App.) 7 S.W. (2d) 1096, 1097, par. 1; Hall v. Hall (Tex. Civ. App.) 198 S. W. 636, 637, par. 3; Ellerd v. Ellison (Tex. Civ. App.) 165 S. W. 876, 878, par. 2.

■ Appellant further contends in this connection that a party claiming under a parol gift of land followed by possession must not only show improvements of substantial value, but must further show that such value exceeded the rental value of the property during his occupancy. Regardless of expressions in earlier cases cited by appellant, the rule is now definitely settled in this state that the rental value of the land cannot be offset against the value of improvements made in reliance upon the gift so as to defeat the equitable title of the donee thereto. Hudgins v. Thompson, 109 Tex. 433, 439, 211 N. W. 586;

Wells v. Davis, 77 Tex. 636, 638, 14 S. W. 237; Rosek v. Kotzur (Tex. Civ. App.) 267 S. W. 759, 762, par. 12, and authorities there cited. The sufficiency of the improvements shown to have been made in a particular case to meet the requirements of the law is ordinarily a question of fact to be determined by the court or jury trying the same. Davis v. Douglas (Tex. Com. App.) 15 S.W.(2d) 232, 233, par. 2.

■■ The finding of the court in this case in favor of appellees is general, and therefore every issuable fact must be considered found in their favor if there is any evidence to support such a finding. In passing upon the sufficiency of the evidence to sustain each such implied finding, we must view the same in the light most favorable thereto, rejecting all evidence favorable to the opposite contention and considering only the facts and circumstances which tend to sustain the same. Hines v. Kansas City Life Ins. Co. (Tex. Civ. App.) 260 S. W. 688, 690, par. 2, and authorities there cited; Park Presbyterian Church v. Wm. Cameron & Co. (Tex. Com. App.) 58 S. W.(2d) 63, 66, par. 7; Windfohr v. Johnson's Estate (Tex. Civ. App.) 57 S.W.(2d) 215, 216, par. 5; Logan v. Elliott (Tex. Civ. App.) 61 S.W.(2d) 157, 159, par. 8. We have carefully considered the testimony in this case in the light of the rules above recited, and have reached the conclusion that it is sufficient to support the judgment rendered, and the same is here affirmed.