**Eunice A. Redwine PICKETT et al., Appellants,**

v.

**W. F. ROBERTS et ux., Appellees.**

No. 4448.

Court of Civil Appeals of Texas, Eastland.

May 7, 1971.

Rehearing Denied May 28, 1971.

Yates & Yates, Edmund C. Yates, Abilene, Joe Williams, Throckmorton, for appellants.

Jennings, Montgomery & Dies, Elton Montgomery, Graham, Harrell & Thompson, William G. Thompson, Breckenridge, for appellees.

WALTER, Justice.

W. F. Roberts and wife and other plaintiffs recovered a judgment against two non-resident defendants, Billie Marie Redwine Canty and Eunice A. Redwine Pickett for title and possession of all the surface, all the mineral, and royalty interest in four tracts of land in Throckmorton County. Only the title to ½ of the royalty interest was involved in tract number two. The title to this one-half interest was awarded to the plaintiffs.

The non-resident defendants have appealed by writ of error. The appellants will be referred to as Pickett and Canty and the appellees will be referred to as Roberts.

Roberts' petition alleges the ownership of the different estates and the interest

owned by each party. Pickett and Canty filed an answer and asserted they did not challenge the allegations in paragraphs one, two and three of Roberts' petition. Paragraph two of Roberts' petition sets out the names of the parties owning the different estates and their interest therein. Paragraph three alleges that the land is now leased to Gordon T. West, Jr. for oil and gas and that the lease or a portion of it has been unitized with other oil and gas leases in forming a forty acre unit. After asserting that they did not challenge these allegations in Roberts' petition, Pickett and Canty allege "while reserving the rights to bring into issue later. Defendants claim that the right, title and interests in plaintiffs' lands shown by instruments of record in the deed records of Throckmorton County, Texas should be vested in them. Cross-complaint to be filed at later date." The non-residents were notified of the setting but did not appear and filed no further answer or cross-action.

The only instrument in the deed records brought forward in this record suggesting that Canty and Pickett own any interest in the property is a ratification of the West oil and gas lease executed by the Roberts. The appellants contend there were indispensable parties, jointly interested in the subject matter who were not made parties. Six persons who signed the oil and gas lease to West and Stanco, Ltd. as lessors were not parties. Stanco, Ltd. was not a party. The other acreage included in the 40 acre unitization was known as the Lunsford lease. Neither the lessors nor the lessee in the Lunsford lease were parties to the suit.

Roberts introduced in evidence, for the limited purpose of showing a cloud or an adverse claim by Canty and Pickett against their title, the ratification agreement executed by Canty and Pickett.

This suit is brought against non-residents under Article 1975 which is as follows:

"Persons claiming a right to or interest in property in this State may bring and prosecute to final decree, judgment or order, actions against non-residents of this State, or persons whose place of residence is unknown, or who are transient persons, who claim an adverse estate, or interest in, or who claim any lien or incumbrance on said property, for the purpose of determining such estate, interest, lien, or incumbrance, and granting the title to said property, or settling the lien or incumbrance thereon."

Rule 39 Texas Rules of Civil Procedure, which was adapted from Rule 19, Federal Rules, is in part as follows:

"Rule 39. Necessary Joinder of Parties (a) Necessary joinder. Except as otherwise provided in these rules, persons having a joint interest shall be made parties and be joined as plaintiffs or defendants. When a person who should join as a plaintiff refuses to do so, he may be made a defendant or, in proper cases, an involuntary plaintiff."

The Supreme Court in Haines v. McLean, 154 Tex. 272, 276 S.W.2d 777, (1955) said:

"If the plaintiff should have to ascertain and join every possible claimant to the land in addition to the particular defendant whose claim is troubling him, the process of justice would be greatly retarded."

The appellants contend that the proper test in determining indispensable parties is set out in the Supreme Court opinion of Wade v. Wade, 140 Tex. 339, 167 S.W.2d 1008 (1943) as follows:

"The test to be applied in determining whether or not there was a sufficient joinder of all necessary parties plaintiff is whether the judgment, if it had been favorable to the defendant, would have protected the defendant under a plea of res judicata against a subsequent suit involving the same subject matter."

The Supreme Court in Petroleum Anchor Equipment, Inc. v. Tyra, 406 S.W.2d 891 (1966) said:

"If Fite were truly an indispensable party to the suit, we would agree that the error in proceeding in his absence was fundamental error which could and should have been noticed by the court of civil appeals on its own motion. It was so held in Sharpe v. Landowners Oil Ass'n, 127 Tex. 147, 92 S.W.2d 435 (1936), and it must be so in the narrower concept of fundamental error announced in the opinions in Ramsey v. Dunlop, 146 Tex. 196, 205 S.W.2d 979 (1947). Jurisdiction over indispensable parties to a suit is as essential to the court's right and power to proceed to judgment as is jurisdiction of the subject matter. See Scott v. Graham, 156 Tex. 97, 101, 292 S.W.2d 324, 327 (1956). Compare McCauley v. Consol. Underwriters, 157 Tex. 475, 304 S.W.2d 265 (1957). However, we do not agree that Fite is an indispensable party to this suit."

If Pickett and Canty had recovered a favorable judgment would they have been protected under a plea of res judicata in a subsequent suit involving the same subject matter? It is difficult to determine how they could have received a favorable judgment under their pleadings. They did not allege what interest they owned in the property. They did not allege that the six parties signing the lease, who were not parties to this suit, had or were claiming any interest in the property. Roberts established by a preponderance of the evidence that they were the owners of the property in litigation. If Pickett and Canty had recovered a judgment to the property in litigation, then we believe such a judgment would be res judicata in a subsequent suit involving the same subject matter. In McDonald v. Galt, Tex.Civ.App., 173 S.W. 2d 962 (Writ Ref. Want of Merit, 1943) the Court said:

"So far as we are able to find, neither R. T. Wilkinson, Jr., nor W. N. Jones, Wiley Jones and C. N. Housh offered any proof of any interest in the lands involved; they filed formal answers, but the plaintiffs below made proof of title to the interest sued for and the trial court erred in not rendering judgment for the plaintiffs as against the four next above-named defendants."

■ The subject matter of this suit was the ownership of the property set forth in the Roberts' petition. The only necessary and indispensable parties were the Roberts and the non-resident defendants who were impliedly asserting a claim by filing the ratification agreement.

■ Appellants contend that the evidence shows that Roberts had a regular chain of title as far back as the partition judgment in the Hibbitts' case in 1944 which was a partition and a subdivision of the M. E. Redwine Estate, but there was no proof as to the ownership prior to the Hibbitts' judgment. Appellants contend there is no evidence of title from the sovereignty or from a common source. This is not a trespass to try title suit, but is one brought under Vernon's Ann.Civ.St. article 1975. The appellants appeared by filing an answer but asserted nothing in bar to Roberts' petition for title.

In Texas Quarries, Inc. v. Pierce, Tex. Civ.App., 244 S.W.2d 571 (no writ history) the court said:

"Courts have jealously protected and upheld nihil dicit judgments. Graves v. Cameron, 77 Tex. 273, 14 S.W. 59; Spivey v. Saner-Ragley Lumber Co., Tex. Com.App., 284 S.W. 210; O'Quinn v. Tate, Tex.Civ.App., 187 S.W. 241. They are more in the nature of a confession and possess a stronger implication in favor of the plaintiff's claim than a default judgment."

In Mullen v. Roberts, 423 S.W.2d 576 (Tex.1968) the Court said:

"This decision rules the instant case where the judgment was nihil dicit carrying more strongly an admission of the justice of the plaintiff's cause of action. See Spivey v. Saner-Ragley Lumber Company, 284 S.W. 210 (Tex.Com.App. 1926); Howe v. Central State Bank, 297 S.W. 692 (Tex.Civ.App., writ ref'd 1927); Storey v. Nichols, 22 Tex. 87; Gilder v. McIntyre, 29 Tex. 89."

By permitting the case to be tried and judgment rendered after filing an answer and being notified of the setting, the appellants impliedly confessed judgment by admitting the cause of action alleged in Roberts' petition. 33 Tex.Jur.2d page 652, § 131.

We have considered all of appellants' points and find no merit in them. They are overruled. The judgment is affirmed.